ANDREW S. ELLIOTT (State Bar No. 254757)
ase@severson.com
SEVERSON & WERSON
A Professional Corporation
595 Market Street, Suite 2600
San Francisco, California 94105
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

ELIZABETH C. FARRELL (State Bar No. 280056)
ecf@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendants 1850 Bryant Land LLC,
Christopher Paul Foley and Douglas Ross

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* LEIASA BECKHAM, and STATE OF CALIFORNIA, *ex rel.* LEIASA BECKHAM,<br><br>Plaintiff,<br><br>vs.<br><br>1850 BRYANT LAND LLC, KASLOFSKY & ASSOCIATES LLC, THURSTON KASLOFSKY, CHRISTOPHER PAUL FOLEY, DOUGLAS ROSS, SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY,<br><br>Defendant. | Case No. 3:21-cv-05742-RS<br>Hon. Richard Seeborg<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11; DECLARATIONS OF ANDREW S. ELLIOTT; DECLARATIONS OF MUTTVILLE, GOODWILL OF THE SAN FRANCISCO BAY, AND MISSION NEIGHBORHOOD CENTERS, INC. IN SUPPORT THEREOF**<br><br>Date:  January 12, 2023<br>Time:  1:30 p.m.<br>Ctrm:  3 (17th Floor)<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

# NOTICE OF MOTION AND MOTION FOR SANCTIONS

PLEASE TAKE NOTICE that on January 12, 2023 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 3, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross ("Bryant Land"), will, and hereby do, move for sanctions against Plaintiff Leiasa Beckham ("Beckham"), and her counsel, William K. Hanagami, Bryon T. Ball, and Gregory J. Morrow, pursuant to Federal Rule of Civil Procedure, Rule 11.

This motion for sanctions is brought on the grounds that Beckham and her counsel made baseless allegations in the First Amended Complaint ("FAC") filed in this action without first conducting a reasonable investigation. Bryant Land requests that the Court issue an order imposing sanctions on Beckham and her counsel in the form of all attorney's fees and costs incurred by Bryant Land in litigating this case.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Sherri Franklin on behalf of Muttville, William Rogers on behalf of Goodwill of the San Francisco Bay, and Sebastian Alioto on behalf of Mission Neighborhood Centers, Inc., all other pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this Motion.

Pursuant to the "safe harbor" requirement of Rule 11(c)(2), Bryant Land served this Motion for Sanctions and supporting papers on Beckham's counsel on November 8, 2022. *See* Elliott Decl. As Beckham and her counsel have failed to withdraw the FAC by November 29, 2022—*i.e.*, more than 21 days after Defendants served Beckham with this Motion for Sanctions, Bryant Land now file this Motion with the Court pursuant to Rule 11(c)(2).

DATED:  November 8, 2022

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Andrew S. Elliott*_____
         ANDREW S. ELLIOTT

Attorneys for Defendants 1850 Bryant Land LLC,
Christopher Paul Foley and Douglas Ross

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Sanctions should be awarded against Plaintiff-Relator Leiasa Beckham ("Beckham") and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and the Court's inherent powers.

Beckham filed this qui tam action in which she claims Defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross (collectively, "Bryant Land") violated both the Federal and California False Claims Act. Beckham asserts Bryant Land pitched the development of 1850 Bryant Street in San Francisco as a nonprofit multi-tenant center project, and offered to sell condominiums at the project to nonprofit organizations—including Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.

Beckham claims she helped these nonprofits in applying for grants—and that the nonprofits did in fact "obtain[] grant funds" originating from the government to purchase condominiums at 1850 Bryant Street. FAC at 3:1-3. Beckham further alleges that Bryant Land intended that the nonprofits apply for and obtain these grant funds from the government so it could seek the Planning Commission's approval of the project. But, Bryant Land had devised a "scheme [] to refuse to proceed with the sale of the condominiums" once the project was approved so it could then proceed with leasing or selling the building to San Francisco. *See* FAC [Dkt #21] at 2:23-24.

The problem is that these allegations, which are the crux of Beckham's qui tam action, are false.

The declarations of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.—which were purportedly assisted by Beckham—prove that these nonprofits ***never received funds*** to purchase condominiums at 1850 Bryant Street. And, more importantly, these nonprofits did not ultimately purchase condominiums because ***they decided not to move forward with the project***—not because Bryant Land refused to sell as part of an alleged scheme to defraud.

It is clear that Beckham knew, or should have known, that the central theory of her case is false. And, had her counsel conducted a reasonable inquiry, they would have been alerted to this fact. The filing of this baseless action and insistence on pursuing it warrant an award of sanctions against Beckham and her counsel pursuant to Rule 11.

## II.
## LEGAL STANDARD

Rule 11(b) provides, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
>
> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Rule 11 requires that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Rule 11 makes every signature on a pleading a certification of merits of the document signed and authorizes sanctions for violation of the certification. Fed. R. Civ. P. 11.

Rule 11 is designed to discourage wasteful, costly litigation battles by mandating imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken. *Golden Eagle Distrib. Corp. v.*

*Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

Where, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted).  Under this standard, a court must "examine whether counsel for [Plaintiffs] had an adequate legal or factual basis for filing the complaint, and conducted an adequate legal and factual investigation before signing and filing it." (*Id.*)  The Rule establishes an objective approach for addressing frivolous filings and abuse of judicial procedures as a tool for harassment and eliminating "pure-heart, empty head" justifications for patently frivolous claims. *Flanagan v. Arnaiz*, 1999 U.S. App. LEXIS 32234, at *4 (9th Cir. 1999).

Thus, sanctions are proper "if [a] paper filed in district court and signed by an attorney . . . is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), abrogated on other grounds by *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990).  Not all of a complaint's claims need be frivolous for Rule 11 sanctions to be appropriate.  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc).

The imposition of sanctions is a matter within the Court's discretion. Fed. R. Civ. P. 11(c). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

### III.
### RELEVANT FACTS AND ALLEGATIONS

The FAC relates to a development project in San Francisco known as 1850 Bryant Street. Beckham claims Bryant Land promoted the project as a nonprofit multi-tenant center, and offered to sell condominiums at the project to nonprofit groups.  Beckham claims that with her assistance, the nonprofits— including Goodwill, Mission Neighborhood Centers and Muttville—"appl[ied] for and obtain[ed] grant funds" from the government "believing that they would purchase business condominiums at [1850 Bryant Street]."  FAC 3:1-5 and ¶¶ 5, 16.

13237.0001/16256711.2                                3                          Case No. 3:21-cv-05742-RS
Rule 11 Motion for Sanctions

Beckham claims Bryant Land induced the nonprofits to apply for and obtain these grants to obtain community support for the project—and, ultimately, the Planning Commission's approval of the project. FAC at 2:2-11, 2:19-28, 3:1-7, ¶ 15. Beckham asserts that the nonprofits, including Goodwill, Mission Neighborhood Centers and Muttville, obtained more than $100 million in government funding to purchase condominiums at 1850 Bryant Street. FAC 3:8-12 and ¶ 23. Once the Planning Commission approved the development, as part of its "scheme," Bryant Land purportedly "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations" because it had purportedly entered into a secret backroom deal to sell or lease the property to San Francisco. FAC 2:1-8, 2:21-24.

The allegations are false.

As the declarations submitted on behalf of Goodwill, Mission Neighborhood Centers and Muttville make clear, Bryant Land never "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations," as Beckham claims. *See* FAC 2:21-24. Rather, it was the nonprofits that ultimately decided not to move forward with the 1850 Bryant Street project.

Moreover, although Beckham claims these nonprofits received government funds to purchase a condominium at 1850 Bryant Street (FAC ¶ 23), the declarations make clear that Goodwill, Mission Neighborhood Centers and Muttville never received any public money in connection with the project.

Beckham and her counsel were served with a copy of this motion on November 8, 2022, and failed to withdraw or correct the FAC within the 21-day safe harbor period, which expired on November 29, 2022.

## IV.

## BECKHAM AND HER COUNSEL SHOULD BE SANCTIONED UNDER RULE 11

A. **The FAC's Qui Tam Theory Is Objectively Baseless**

Beckham's FAC is baseless. This entire case is based on the theory that, because the original vision for the 1850 Bryant Street project changed, that change must have been the result of a massive scheme to defraud the government.

"The inquiry whether the complaint is factually baseless can be stated [as follows]: Would a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what a reasonable attorney would have known at the time?" *Willis v. City of Oakland*, 231 F.R.D. 597, 598 (N.D. Cal. 2005). The FAC contains no factual allegations to support its qui tam theory and the assertions that Bryant Land defrauded anyone, much less the government, in connection with the 1850 Bryant Street project. Indeed, it is supported by no more than Beckham's speculations and the bare conclusion that the vision must have changed *because of* a mass scheme to defraud. No reasonable attorney could have believed that Beckham's allegations were well-founded given the conclusory, speculative nature of this suit.

Moreover, Beckham objectively should have known her claims were speculative and baseless when she filed suit. She claims to have been involved with helping the nonprofits apply for grant applications. She knew who these nonprofits were—and identifies a handful of them in the FAC. FAC ¶ 16. So, Beckham knew or should have known that the nonprofits who were originally interested in the 1850 Bryant Street project (specifically, Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.) simply decided not to move forward with the project—rather than being excluded from the project by Bryant Land as part of an alleged "scheme to refuse to proceed with the sale of the condominiums to the nonprofit[s]" and instead sell or lease the property to San Francisco. *Compare* Decls. of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC at 2:23-24, 7:6-8.

Similarly, in light of Beckham's involvement with the nonprofits and their alleged grant applications, she knew or should have known that the nonprofits (specifically, Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.) never even received funds to purchase a condominium at the 1850 Bryant Street project, as claimed. *Compare* Decls. of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC at 3:8-12, ¶¶ 16, 20, 22, 23; *see also Patterson v. Alaska Airlines, Inc.*, 756 F. Supp. 476, 479-80 (W.D. Wash. 1990) (pleading was baseless where "Plaintiffs never had any factual basis for believing that the statute of limitations was tolled" at the time they filed their complaint).

For this reason, the FAC's filing—and Beckham's reliance on a demonstrably false

theory—runs afoul of Rule 11.

**B.     Beckham's Counsel Did Not Conduct A Reasonable Inquiry**

In light of the above and the attached declarations, Beckham's counsel could not have conducted a reasonable inquiry before including the baseless allegations in the FAC. "The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate*, 425 F.3d at 677.

A competent inquiry would have revealed that this case's central claims—that the nonprofits all received government funds and were unable to purchase a condominium at 1850 Bryant Street because Bryant Land refused to sell the condominiums to them (as part of an alleged scheme to defraud)—are baseless. Beckham worked with those nonprofits. If she did not have the information in her actual possession about whether the nonprofits received funds and/or why they did not move forward with purchasing a condominium, it was within her reach. Counsel could have, and should have, inquired with at least the nonprofits specifically named in the FAC to vet the veracity the serious qui tam claims levied against Bryant Land in this case.

The evidence shows, unequivocally, that at least half of the nonprofits mentioned in the FAC never received any funding for 1850 Bryant Street and that it was *the nonprofits' decision* not to move forward with the 1850 Bryant Street project—not Bryant Land's refusal as part of an alleged scheme to defraud. *See* Decls. of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. The discovery of this evidence through normal investigative techniques would have alerted Beckham's counsel that the FAC's allegations, and the entire theory upon which this qui tam suit rests, are not well-founded.

Beckham's counsel therefore failed to conduct a reasonable and competent inquiry. *See Entm't by J & J, Inc. v. Lee*, 126 F. App'x 797, 798 (9th Cir. 2005) (district court was justified in imposing sanctions where plaintiff "acted recklessly by not fully investigating her claim"); *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221-22 (6th Cir. 1986) (sanctions appropriate where a reasonable inquiry would have disclosed that a claim was not well-grounded in fact). This, too, runs afoul of Rule 11.

## V.

## THE COURT SHOULD IMPOSE SANCTIONS
## ON BECKHAM AND HER COUNSEL

In their effort to cobble together a qui tam claim, Beckham overreached. She lobbed frivolous allegations of mass government fraud at Bryant Land based on nothing more than speculation and a hope that she might discover something to support such a claim.

On November 8, 2022, Bryant Land served a copy of this motion on Beckham and her counsel, and offered them the opportunity to withdraw or correct the FAC. Beckham declined this safe harbor opportunity. *See* Elliott Decl., Fed. R. Civ. P. 11(c)(2).

Rule 11 sanctions are appropriate where, as here, a plaintiff's claims are "without evidentiary support and thus appear to have been instigated as a gamble that something might come of it rather than on the basis of the facts at hand." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). "While Rule 11 does not bar the courthouse door to people who have support for a complaint but need discovery to prove their complaint, the need for discovery does not excuse the filing of a vacuous complaint." *Scott v. City of Chicago*, 195 F.3d 950, 953 (7th Cir. 1999). Beckham and her counsel should be sanctioned by being ordered to compensate Bryant Land for their costs and fees incurred in litigating this matter. *See Islamic Shura Council*, 757 F.3d 870, 872-73 (9th Cir. 2014) (sanctions "compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it").

## VI.

## CONCLUSION

For the reasons set forth above, Bryant Land requests that the Court sanction Beckham and her counsel pursuant to Rule 11(c).

DATED:  November 8, 2022       SEVERSON & WERSON
                               A Professional Corporation

                               By:    /s/ *Andrew S. Elliott*
                                      ANDREW S. ELLIOTT

                               Attorneys for Defendants 1850 Bryant Land LLC,
                               Christopher Paul Foley and Douglas Ross