1  ANDREW S. ELLIOTT (State Bar No. 254757)
   ase@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  595 Market Street, Suite 2600
   San Francisco, California 94105
4  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
5
   ELIZABETH C. FARRELL (State Bar No. 280056)
6  ecf@severson.com
   SEVERSON & WERSON
7  A Professional Corporation
   The Atrium
8  19100 Von Karman Avenue, Suite 700
   Irvine, California 92612
9  Telephone: (949) 442-7110
   Facsimile: (949) 442-7118
10
   Attorneys for Defendants 1850 Bryant Land LLC,
11 Christopher Paul Foley and Douglas Ross

12                UNITED STATES DISTRICT COURT

13     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15

16 UNITED STATES OF AMERICA, *ex rel.*        Case No. 3:21-cv-05742-RS
   LEIASA BECKHAM, and STATE OF              Hon. Richard Seeborg
   CALIFORNIA, *ex rel.* LEIASA BECKHAM,
17
                                             **DECLARATION OF ANDREW S.**
18            Plaintiff,                      **ELLIOTT IN SUPPORT OF MOTION**
                                             **FOR SANCTIONS PURSUANT TO**
19      vs.                                   **FEDERAL RULE OF CIVIL**
                                             **PROCEDURE 11**
20 1850 BRYANT LAND LLC, KASLOFSKY
   & ASSOCIATES LLC, THURSTON               Date:   January 12, 2023
21 KASLOFSKY, CHRISTOPHER PAUL             Time:   1:30 p.m.
   FOLEY, DOUGLAS ROSS, SAN                Ctrm:   3 (17th Floor)
22 FRANCISCO COMMUNITY INVESTMENT                  450 Golden Gate Avenue
   FUND, CITY AND COUNTY OF SAN                    San Francisco, CA 94102
23 FRANCISCO, and NAOMI KELLY,

24            Defendant.

25

26

27

28

1    I, Andrew S. Elliott, declare:

2    1.    I am an attorney admitted to practice before this Court.  I am a member of Severson

3 & Werson, a Professional Corporation, attorneys for Defendants 1850 Bryant Land LLC,

4 Christopher Paul Foley and Douglas Ross (collectively, "Bryant Land") in this action.

5    2.    I make this declaration in support of Bryant Land's Motion for Sanctions pursuant

6 to Rule 11 of the Federal Rules of Civil Procedure (the "Motion for Sanctions").   I have personal

7 knowledge of the matters set forth in this declaration, and if called upon to do so, I could and

8 would testify competently to same.

9    3.    On November 8, 2022, I caused my office to serve a copy of Bryant Land's Motion

10 for Sanctions on all counsel for Plaintiff-Relator Leiasa Beckham in this action—William K.

11 Hanagami, Esq., Byron T. Ball, Esq., and Gregory J. Morrow, Esq.—via email. A copy of the

12 Motion for Sanctions that was served on counsel is attached hereto as Exhibit A.

13

14    I declare under penalty of perjury under the laws of the United States that the foregoing is

15 true and correct.  This declaration was executed on November 8, 2022, in San Francisco,

16 California.

17

18                    *s/ Andrew S. Elliott*
                    Andrew S. Elliott

19

20

21

22

23

24

25

26

27

28

# Exhibit A



Andrew S. Elliott
Attorney
Direct Line: (415) 677-5542
ase@severson.com

The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
Telephone:  (949) 442-7110
Facsimile:  (949) 442-7118

November 8, 2022

**<u>Via Electronic Mail (copy to follow via U.S. Mail)</u>**

William K. Hanagami
HANAGAMI LAW
A Professional Corporation
913 Tahoe Boulevard, Suite 5
Incline Village, NV 89451-7414
(833) 716-8570 / (833) 716-8569 FAX
Bill@Hanagami.com

Gregory J. Morrow
MORROW LAW GROUP
10401 Wilshire Boulevard, Suite 1102
Los Angeles, CA 90024-4609
(310) 894-9149 / (310) 470-9013 FAX
gregory.j.morrow@hotmail.com

Byron T. Ball
THE BALL LAW FIRM
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401-3602
(310) 980-8039
btb@balllawllp.com

     Re:    *Leiasa Beckham ex rel. v. 1850 Bryant Land LLC, et al.*
           USDC, NDCA Case No. 3:21-cv-05742-RS

Dear Counsel:

     I am writing on behalf of my clients 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross ("Bryant Land") concerning the First Amended Complaint ("FAC") filed in this Action.  The FAC alleges, among other things, that Leiasa Beckham assisted at least six non-profits to apply for government funding (grants) to purchase condominiums at the 1850 Bryant Street project in San Francisco—and that those non-profits received upward of $100 million in funding.  *See* FAC at 3:8-12, ¶¶ 16, 22.  It is also alleged that Bryant Land induced these non-profits to apply for these funds in order to gain the San Francisco Planning Commission's approval of the project—and that Bryant Land's "scheme was to refuse to proceed with the sale of the condominiums to the nonprofit organizations" once the project was approved, and then seek to sell or lease the project to San Francisco.  *See* FAC 2:2-11, 2:21-28.

     Enclosed are declarations from Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.—three of the nonprofits specifically mentioned in the FAC. The nonprofits unequivocally confirm that they never obtained public money in connection with



Attorneys Hanagami, Ball, and Morrow
November 8, 2022
Page 2

the 1850 Bryant Street project. They also state that *it was the nonprofits* that ultimately decided not to move forward with the 1850 Bryant Street project.

These are nonprofits Beckham worked with in relation to the 1850 Bryant Street project. FAC ¶¶ 5, 16. So, Beckham either knew or should have known at the time this case and FAC were filed that these nonprofits received no funding, and that it was *their decision* not to move forward with the project—and that the allegations to the contrary are untrue. Moreover, a reasonable investigation would have revealed their falsity. Again, Beckham was working with these nonprofits, and had access to them. Bryant Land made a simple inquiry to obtain the attached declarations; the same information could have easily been obtained—and this simple inquiry should have been made on Beckham's behalf—before making levying serious qui tam accusations against Bryant Land.

In light of the enclosed declarations, the central theory of your client's case—that Bryant Land induced nonprofits to obtain public funding, and was engaged in a scheme to shut out non-profits from the 1850 Bryant Street project as soon as they obtained funding and the Planning Commission approved the project—is not just flawed, but is demonstrably false.

We had hoped this lawsuit was the result of a simple mistake or understanding. It is our hope and expectation that you will take the easy steps necessary to remedy your error in light of the actual facts.

However, if the FAC is not withdrawn or corrected by November 29, 2022—to remove these false accusations—Bryant Land will file the enclosed motion for sanctions pursuant to Rule 11.

Very truly yours,

/s/ Andrew S. Elliott

Andrew S. Elliott

Attachments:
Rule 11 Motion for Sanctions and Declarations of Andrew S. Elliott, Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. in support thereof

13237.0001/16297774.1

1   ANDREW S. ELLIOTT (State Bar No. 254757)
    ase@severson.com
2   SEVERSON & WERSON
    A Professional Corporation
3   595 Market Street, Suite 2600
    San Francisco, California 94105
4   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
5
    ELIZABETH C. FARRELL (State Bar No. 280056)
6   ecf@severson.com
    SEVERSON & WERSON
7   A Professional Corporation
    The Atrium
8   19100 Von Karman Avenue, Suite 700
    Irvine, California 92612
9   Telephone: (949) 442-7110
    Facsimile: (949) 442-7118
10
    Attorneys for Defendants 1850 Bryant Land LLC,
11  Christopher Paul Foley and Douglas Ross

12                       UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15
    UNITED STATES OF AMERICA, *ex rel.*        Case No. 3:21-cv-05742-RS
16  LEIASA BECKHAM, and STATE OF               Hon. Richard Seeborg
    CALIFORNIA, *ex rel.* LEIASA BECKHAM,
17                                             **NOTICE OF MOTION AND MOTION
                        Plaintiff,             FOR SANCTIONS PURSUANT TO
18                                             FEDERAL RULE OF CIVIL
                   vs.                         PROCEDURE 11; DECLARATIONS OF
19                                             ANDREW S. ELLIOTT;
    1850 BRYANT LAND LLC, KASLOFSKY            DECLARATIONS OF MUTTVILLE,
20  & ASSOCIATES LLC, THURSTON                 GOODWILL OF THE SAN FRANCISCO
    KASLOFSKY, CHRISTOPHER PAUL                BAY, AND MISSION NEIGHBORHOOD
21  FOLEY, DOUGLAS ROSS, SAN                   CENTERS, INC. IN SUPPORT THEREOF**
    FRANCISCO COMMUNITY INVESTMENT
22  FUND, CITY AND COUNTY OF SAN               Date:    January 5, 2023
    FRANCISCO, and NAOMI KELLY,                Time:    1:30 p.m.
23                                             Ctrm:    3 (17th Floor)
                        Defendant.                      450 Golden Gate Avenue
24                                                      San Francisco, CA 94102

25

26

27

28

13237.0001/16256711.2                                          Case No. 3:21-cv-05742-RS

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

PLEASE TAKE NOTICE that on January 5, 2023 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 3, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross ("Bryant Land"), will, and hereby do, move for sanctions against Plaintiff Leiasa Beckham ("Beckham"), and her counsel, William K. Hanagami, Bryon T. Ball, and Gregory J. Morrow, pursuant to Federal Rule of Civil Procedure, Rule 11.

This motion for sanctions is brought on the grounds that Beckham and her counsel made baseless allegations in the First Amended Complaint ("FAC") filed in this action without first conducting a reasonable investigation.  Bryant Land requests that the Court issue an order imposing sanctions on Beckham and her counsel in the form of all attorney's fees and costs incurred by Bryant Land in litigating this case.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Sherri Franklin on behalf of Muttville, William Rogers on behalf of Goodwill of the San Francisco Bay, and Sebastian Alioto on behalf of Mission Neighborhood Centers, Inc., all other pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this Motion.

Pursuant to the "safe harbor" requirement of Rule 11(c)(2), Bryant Land served this Motion for Sanctions and supporting papers on Beckham's counsel on November 8, 2022.  *See* Elliott Decl.  As Beckham and her counsel have failed to withdraw the FAC by November 29, 2022—*i.e.*, more than 21 days after Defendants served Beckham with this Motion for Sanctions, Bryant Land now file this Motion with the Court pursuant to Rule 11(c)(2).

DATED:  November 8, 2022

SEVERSON & WERSON
A Professional Corporation

By: _____
/s/ *Andrew S. Elliott*
ANDREW S. ELLIOTT

Attorneys for Defendants 1850 Bryant Land LLC, Christopher Paul Foley and Douglas Ross

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Sanctions should be awarded against Plaintiff-Relator Leiasa Beckham ("Beckham") and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and the Court's inherent powers.

Beckham filed this qui tam action in which she claims Defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross (collectively, "Bryant Land") violated both the Federal and California False Claims Act.  Beckham asserts Bryant Land pitched the development of 1850 Bryant Street in San Francisco as a nonprofit multi-tenant center project, and offered to sell condominiums at the project to nonprofit organizations—including Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.

Beckham claims she helped these nonprofits in applying for grants—and that the nonprofits did in fact "obtain[] grant funds" originating from the government to purchase condominiums at 1850 Bryant Street.  FAC at 3:1-3.  Beckham further alleges that Bryant Land intended that the nonprofits apply for and obtain these grant funds from the government so it could seek the Planning Commission's approval of the project.  But, Bryant Land had devised a "scheme [] to refuse to proceed with the sale of the condominiums" once the project was approved so it could then proceed with leasing or selling the building to San Francisco.  *See* FAC [Dkt #21] at 2:23-24.

The problem is that these allegations, which are the crux of Beckham's qui tam action, are false.

The declarations of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.—which were purportedly assisted by Beckham—prove that these nonprofits ***never received funds*** to purchase condominiums at 1850 Bryant Street.  And, more importantly, these nonprofits did not ultimately purchase condominiums because ***they decided not to move forward with the project***—not because Bryant Land refused to sell as part of an alleged scheme to defraud.

It is clear that Beckham knew, or should have known, that the central theory of her case is false. And, had her counsel conducted a reasonable inquiry, they would have been alerted to this fact. The filing of this baseless action and insistence on pursuing it warrant an award of sanctions against Beckham and her counsel pursuant to Rule 11.

## II.

## LEGAL STANDARD

Rule 11(b) provides, in relevant part:

(b) By presenting to the court a pleading, written motion, or other paper... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Rule 11 requires that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Rule 11 makes every signature on a pleading a certification of merits of the document signed and authorizes sanctions for violation of the certification. Fed. R. Civ. P. 11.

Rule 11 is designed to discourage wasteful, costly litigation battles by mandating imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken. *Golden Eagle Distrib. Corp. v.*

1    *Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

2          Where, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court

3    must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

4    baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and

5    competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.

6    2005) (citation omitted).  Under this standard, a court must "examine whether counsel for

7    [Plaintiffs] had an adequate legal or factual basis for filing the complaint, and conducted an

8    adequate legal and factual investigation before signing and filing it."  (*Id.*)  The Rule establishes an

9    objective approach for addressing frivolous filings and abuse of judicial procedures as a tool for

10   harassment and eliminating "pure-heart, empty head" justifications for patently frivolous claims.

11   *Flanagan v. Arnaiz*, 1999 U.S. App. LEXIS 32234, at *4 (9th Cir. 1999).

12         Thus, sanctions are proper "if [a] paper filed in district court and signed by an attorney . . .

13   is frivolous, legally unreasonable, or without factual foundation, even though the paper was not

14   filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986),

15   abrogated on other grounds by *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990).  Not all of

16   a complaint's claims need be frivolous for Rule 11 sanctions to be appropriate.  *Townsend v.*

17   *Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc).

18         The imposition of sanctions is a matter within the Court's discretion. Fed. R. Civ. P. 11(c).

19   "If warranted, the court may award to the prevailing party the reasonable expenses, including

20   attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

21                                          **III.**

22                         **RELEVANT FACTS AND ALLEGATIONS**

23         The FAC relates to a development project in San Francisco known as 1850 Bryant Street.

24   Beckham claims Bryant Land promoted the project as a nonprofit multi-tenant center, and offered

25   to sell condominiums at the project to nonprofit groups.  Beckham claims that with her assistance,

26   the nonprofits— including Goodwill, Mission Neighborhood Centers and Muttville—"appl[ied]

27   for and obtain[ed] grant funds" from the government "believing that they would purchase business

28   condominiums at [1850 Bryant Street]."  FAC 3:1-5 and ¶¶ 5, 16.

Beckham claims Bryant Land induced the nonprofits to apply for and obtain these grants to obtain community support for the project—and, ultimately, the Planning Commission's approval of the project.  FAC at 2:2-11, 2:19-28, 3:1-7, ¶ 15.  Beckham asserts that the nonprofits, including Goodwill, Mission Neighborhood Centers and Muttville, obtained more than $100 million in government funding to purchase condominiums at 1850 Bryant Street.  FAC 3:8-12 and ¶ 23.  Once the Planning Commission approved the development, as part of its "scheme," Bryant Land purportedly "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations" because it had purportedly entered into a secret backroom deal to sell or lease the property to San Francisco.  FAC 2:1-8, 2:21-24.

The allegations are false.

As the declarations submitted on behalf of Goodwill, Mission Neighborhood Centers and Muttville make clear, Bryant Land never "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations," as Beckham claims. *See*  FAC 2:21-24.  Rather, it was the nonprofits that ultimately decided not to move forward with the 1850 Bryant Street project.

Moreover, although Beckham claims these nonprofits received government funds to purchase a condominium at 1850 Bryant Street (FAC ¶ 23), the declarations make clear that Goodwill, Mission Neighborhood Centers and Muttville never received any public money in connection with the project.

Beckham and her counsel were served with a copy of this motion on November 8, 2022, and failed to withdraw or correct the FAC within the 21-day safe harbor period, which expired on November 29, 2022.

## IV.

### BECKHAM AND HER COUNSEL SHOULD BE SANCTIONED UNDER RULE 11

#### A.   The FAC's Qui Tam Theory Is Objectively Baseless

Beckham's FAC is baseless.  This entire case is based on the theory that, because the original vision for the 1850 Bryant Street project changed, that change must have been the result of a massive scheme to defraud the government.

"The inquiry whether the complaint is factually baseless can be stated [as follows]: Would a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what a reasonable attorney would have known at the time?" *Willis v. City of Oakland*, 231 F.R.D. 597, 598 (N.D. Cal. 2005). The FAC contains no factual allegations to support its qui tam theory and the assertions that Bryant Land defrauded anyone, much less the government, in connection with the 1850 Bryant Street project.  Indeed, it is supported by no more than Beckham's speculations and the bare conclusion that the vision must have changed *because of* a mass scheme to defraud. No reasonable attorney could have believed that Beckham's allegations were well-founded given the conclusory, speculative nature of this suit.

Moreover, Beckham objectively should have known her claims were speculative and baseless when she filed suit.  She claims to have been involved with helping the nonprofits apply for grant applications.  She knew who these nonprofits were—and identifies a handful of them in the FAC.  FAC ¶ 16.  So, Beckham knew or should have known that the nonprofits who were originally interested in the 1850 Bryant Street project (specifically, Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.) simply decided not to move forward with the project—rather than being excluded from the project by Bryant Land as part of an alleged "scheme to refuse to proceed with the sale of the condominiums to the nonprofit[s]" and instead sell or lease the property to San Francisco.  *Compare* Decls. of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC at 2:23-24, 7:6-8.

Similarly, in light of Beckham's involvement with the nonprofits and their alleged grant applications, she knew or should have known that the nonprofits (specifically, Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.) never even received funds to purchase a condominium at the 1850 Bryant Street project, as claimed.  *Compare* Decls. of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC at 3:8-12, ¶¶ 16, 20, 22, 23; *see also Patterson v. Alaska Airlines, Inc.*, 756 F. Supp. 476, 479-80 (W.D. Wash. 1990) (pleading was baseless where "Plaintiffs never had any factual basis for believing that the statute of limitations was tolled" at the time they filed their complaint).

For this reason, the FAC's filing—and Beckham's reliance on a demonstrably false

1  theory—runs afoul of Rule 11.

2  **B.    Beckham's Counsel Did Not Conduct A Reasonable Inquiry**

3          In light of the above and the attached declarations, Beckham's counsel could not have

4  conducted a reasonable inquiry before including the baseless allegations in the FAC. "The

5  reasonable inquiry test is meant to assist courts in discovering whether an attorney, after

6  conducting an objectively reasonable inquiry into the facts and law, would have found the

7  complaint to be well-founded." *Holgate*, 425 F.3d at 677.

8          A competent inquiry would have revealed that this case's central claims—that the

9  nonprofits all received government funds and were unable to purchase a condominium at 1850

10  Bryant Street because Bryant Land refused to sell the condominiums to them (as part of an alleged

11  scheme to defraud)—are baseless.  Beckham worked with those nonprofits.  If she did not have the

12  information in her actual possession about whether the nonprofits received funds and/or why they

13  did not move forward with purchasing a condominium, it was within her reach.  Counsel could

14  have, and should have, inquired with at least the nonprofits specifically named in the FAC to vet

15  the veracity the serious qui tam claims levied against Bryant Land in this case.

16          The evidence shows, unequivocally, that at least half of the nonprofits mentioned in the

17  FAC never received any funding for 1850 Bryant Street and that it was *the nonprofits' decision*

18  not to move forward with the 1850 Bryant Street project—not Bryant Land's refusal as part of an

19  alleged scheme to defraud.  *See* Decls. of Muttville, Goodwill of the San Francisco Bay, and

20  Mission Neighborhood Centers, Inc.  The discovery of this evidence through normal investigative

21  techniques would have alerted Beckham's counsel that the FAC's allegations, and the entire

22  theory upon which this qui tam suit rests, are not well-founded.

23          Beckham's counsel therefore failed to conduct a reasonable and competent inquiry. *See*

24  *Entm't by J & J, Inc. v. Lee*, 126 F. App'x 797, 798 (9th Cir. 2005) (district court was justified in

25  imposing sanctions where plaintiff "acted recklessly by not fully investigating her claim");

26  *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221-22 (6th Cir. 1986) (sanctions appropriate where a

27  reasonable inquiry would have disclosed that a claim was not well-grounded in fact). This, too,

28  runs afoul of Rule 11.

# V.

## THE COURT SHOULD IMPOSE SANCTIONS
## ON BECKHAM AND HER COUNSEL

In their effort to cobble together a qui tam claim, Beckham overreached. She lobbed frivolous allegations of mass government fraud at Bryant Land based on nothing more than speculation and a hope that she might discover something to support such a claim.

On November 8, 2022, Bryant Land served a copy of this motion on Beckham and her counsel, and offered them the opportunity to withdraw or correct the FAC. Beckham declined this safe harbor opportunity. *See* Elliott Decl., Fed. R. Civ. P. 11(c)(2).

Rule 11 sanctions are appropriate where, as here, a plaintiff's claims are "without evidentiary support and thus appear to have been instigated as a gamble that something might come of it rather than on the basis of the facts at hand." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). "While Rule 11 does not bar the courthouse door to people who have support for a complaint but need discovery to prove their complaint, the need for discovery does not excuse the filing of a vacuous complaint." *Scott v. City of Chicago*, 195 F.3d 950, 953 (7th Cir. 1999). Beckham and her counsel should be sanctioned by being ordered to compensate Bryant Land for their costs and fees incurred in litigating this matter. *See Islamic Shura Council*, 757 F.3d 870, 872-73 (9th Cir. 2014) (sanctions "compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it").

# VI.

## CONCLUSION

For the reasons set forth above, Bryant Land requests that the Court sanction Beckham and her counsel pursuant to Rule 11(c).

DATED:  November 8, 2022

SEVERSON & WERSON
A Professional Corporation

By: ____/s/ *Andrew S. Elliott*____
ANDREW S. ELLIOTT

Attorneys for Defendants 1850 Bryant Land LLC, Christopher Paul Foley and Douglas Ross

1    ANDREW S. ELLIOTT (State Bar No. 254757)
     ase@severson.com
2    SEVERSON & WERSON
     A Professional Corporation
3    595 Market Street, Suite 2600
     San Francisco, California 94105
4    Telephone: (415) 398-3344
     Facsimile: (415) 956-0439
5
     ELIZABETH C. FARRELL (State Bar No. 280056)
6    ecf@severson.com
     SEVERSON & WERSON
7    A Professional Corporation
     The Atrium
8    19100 Von Karman Avenue, Suite 700
     Irvine, California 92612
9    Telephone: (949) 442-7110
     Facsimile: (949) 442-7118
10
11   Attorneys for Defendants 1850 Bryant Land LLC,
     Christopher Paul Foley and Douglas Ross
12
                         UNITED STATES DISTRICT COURT
13
          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
14
15
     UNITED STATES OF AMERICA, *ex rel.*      Case No. 3:21-cv-05742-RS
16   LEIASA BECKHAM, and STATE OF            Hon. Richard Seeborg
     CALIFORNIA, *ex rel.* LEIASA BECKHAM,
17                                            **DECLARATION OF ANDREW S.
                  Plaintiff,                  ELLIOTT IN SUPPORT OF MOTION
18                                            FOR SANCTIONS PURSUANT TO
             vs.                              FEDERAL RULE OF CIVIL
19                                            PROCEDURE 11**
     1850 BRYANT LAND LLC, KASLOFSKY
20   & ASSOCIATES LLC, THURSTON              Date:    January 5, 2023
     KASLOFSKY, CHRISTOPHER PAUL            Time:    1:30 p.m.
21   FOLEY, DOUGLAS ROSS, SAN               Ctrm:    3 (17th Floor)
     FRANCISCO COMMUNITY INVESTMENT                  450 Golden Gate Avenue
22   FUND, CITY AND COUNTY OF SAN                    San Francisco, CA 94102
     FRANCISCO, and NAOMI KELLY,
23
                  Defendant.
24
25
26
27
28

I, Andrew S. Elliott, declare:

1.      I am an attorney admitted to practice before this Court.  I am a member of Severson & Werson, a Professional Corporation, attorneys for Defendants 1850 Bryant Land LLC, Christopher Paul Foley and Douglas Ross (collectively, "Bryant Land") in this action.

2.      I make this declaration in support of Bryant Land's Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Motion for Sanctions").   I have personal knowledge of the matters set forth in this declaration, and if called upon to do so, I could and would testify competently to same.

3.      On November 8, 2022, I caused my office to serve a copy of Bryant Land's Motion for Sanctions on all counsel for Plaintiff-Relator Leiasa Beckham in this action—William K. Hanagami, Esq., Byron T. Ball, Esq., and Gregory J. Morrow, Esq.—via email. A copy of the Motion for Sanctions that was served on counsel is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  This declaration was executed on November 8, 2022, in San Francisco, California.

_s/ Andrew S. Elliott_
Andrew S. Elliott

# EXHIBIT "A"

1   ANDREW S. ELLIOTT (State Bar No. 254757)
    ase@severson.com
2   SEVERSON & WERSON
    A Professional Corporation
3   595 Market Street, Suite 2600
    San Francisco, California 94105
4   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
5
    ELIZABETH C. FARRELL (State Bar No. 280056)
6   ecf@severson.com
    SEVERSON & WERSON
7   A Professional Corporation
    The Atrium
8   19100 Von Karman Avenue, Suite 700
    Irvine, California 92612
9   Telephone: (949) 442-7110
    Facsimile: (949) 442-7118
10
11  Attorneys for Defendants 1850 Bryant Land LLC,
    Christopher Paul Foley and Douglas Ross

12                     UNITED STATES DISTRICT COURT

13        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

14

15

16  UNITED STATES OF AMERICA, *ex rel.*        Case No. 3:21-cv-05742-RS
    LEIASA BECKHAM, and STATE OF              Hon. Richard Seeborg
17  CALIFORNIA, *ex rel.* LEIASA BECKHAM,
                                               **NOTICE OF MOTION AND MOTION**
18              Plaintiff,                     **FOR SANCTIONS PURSUANT TO**
                                               **FEDERAL RULE OF CIVIL**
19          vs.                                **PROCEDURE 11; DECLARATIONS OF**
                                               **ANDREW S. ELLIOTT;**
20  1850 BRYANT LAND LLC, KASLOFSKY            **DECLARATIONS OF MUTTVILLE,**
    & ASSOCIATES LLC, THURSTON                 **GOODWILL OF THE SAN FRANCISCO**
21  KASLOFSKY, CHRISTOPHER PAUL                **BAY, AND MISSION NEIGHBORHOOD**
    FOLEY, DOUGLAS ROSS, SAN                   **CENTERS, INC. IN SUPPORT THEREOF**
    FRANCISCO COMMUNITY INVESTMENT
22  FUND, CITY AND COUNTY OF SAN               Date:     January 5, 2023
    FRANCISCO, and NAOMI KELLY,                Time:     1:30 p.m.
23                                             Ctrm:     3 (17th Floor)
                Defendant.                               450 Golden Gate Avenue
24                                                       San Francisco, CA 94102

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR SANCTIONS**

PLEASE TAKE NOTICE that on January 5, 2023 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 3, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross ("Bryant Land"), will, and hereby do, move for sanctions against Plaintiff Leiasa Beckham ("Beckham"), and her counsel, William K. Hanagami, Bryon T. Ball, and Gregory J. Morrow, pursuant to Federal Rule of Civil Procedure, Rule 11.

This motion for sanctions is brought on the grounds that Beckham and her counsel made baseless allegations in the First Amended Complaint ("FAC") filed in this action without first conducting a reasonable investigation.  Bryant Land requests that the Court issue an order imposing sanctions on Beckham and her counsel in the form of all attorney's fees and costs incurred by Bryant Land in litigating this case.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Sherri Franklin on behalf of Muttville, William Rogers on behalf of Goodwill of the San Francisco Bay, and Sebastian Alioto on behalf of Mission Neighborhood Centers, Inc., all other pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this Motion.

Pursuant to the "safe harbor" requirement of Rule 11(c)(2), Bryant Land served this Motion for Sanctions and supporting papers on Beckham's counsel on November 8, 2022.  *See* Elliott Decl.  As Beckham and her counsel have failed to withdraw the FAC by November 29, 2022—*i.e.*, more than 21 days after Defendants served Beckham with this Motion for Sanctions, Bryant Land now file this Motion with the Court pursuant to Rule 11(c)(2).

DATED:  November 8, 2022

SEVERSON & WERSON
A Professional Corporation

By:      /s/ *Andrew S. Elliott*
        ANDREW S. ELLIOTT

Attorneys for Defendants 1850 Bryant Land LLC,
Christopher Paul Foley and Douglas Ross

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Sanctions should be awarded against Plaintiff-Relator Leiasa Beckham ("Beckham") and her counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and the Court's inherent powers.

Beckham filed this qui tam action in which she claims Defendants 1850 Bryant Land LLC, Christopher Paul Foley, and Douglas Ross (collectively, "Bryant Land") violated both the Federal and California False Claims Act.  Beckham asserts Bryant Land pitched the development of 1850 Bryant Street in San Francisco as a nonprofit multi-tenant center project, and offered to sell condominiums at the project to nonprofit organizations—including Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.

Beckham claims she helped these nonprofits in applying for grants—and that the nonprofits did in fact "obtain[] grant funds" originating from the government to purchase condominiums at 1850 Bryant Street.  FAC at 3:1-3.  Beckham further alleges that Bryant Land intended that the nonprofits apply for and obtain these grant funds from the government so it could seek the Planning Commission's approval of the project.  But, Bryant Land had devised a "scheme [] to refuse to proceed with the sale of the condominiums" once the project was approved so it could then proceed with leasing or selling the building to San Francisco.  *See* FAC [Dkt #21] at 2:23-24.

The problem is that these allegations, which are the crux of Beckham's qui tam action, are false.

The declarations of Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc.—which were purportedly assisted by Beckham—prove that these nonprofits **never received funds** to purchase condominiums at 1850 Bryant Street.  And, more importantly, these nonprofits did not ultimately purchase condominiums because **they decided not to move forward with the project**—not because Bryant Land refused to sell as part of an alleged scheme to defraud.

It is clear that Beckham knew, or should have known, that the central theory of her case is false.  And, had her counsel conducted a reasonable inquiry, they would have been alerted to this fact.  The filing of this baseless action and insistence on pursuing it warrant an award of sanctions against Beckham and her counsel pursuant to Rule 11.

## II.

## LEGAL STANDARD

Rule 11(b) provides, in relevant part:

> (b) By presenting to the court a pleading, written motion, or other paper... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....
> >
> > If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Rule 11 requires that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Rule 11 makes every signature on a pleading a certification of merits of the document signed and authorizes sanctions for violation of the certification.  Fed. R. Civ. P. 11.

Rule 11 is designed to discourage wasteful, costly litigation battles by mandating imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken. *Golden Eagle Distrib. Corp. v.*

1   *Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

2          Where, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court

3   must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

4   baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and

5   competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir.

6   2005) (citation omitted).  Under this standard, a court must "examine whether counsel for

7   [Plaintiffs] had an adequate legal or factual basis for filing the complaint, and conducted an

8   adequate legal and factual investigation before signing and filing it."  (*Id.*)  The Rule establishes an

9   objective approach for addressing frivolous filings and abuse of judicial procedures as a tool for

10  harassment and eliminating "pure-heart, empty head" justifications for patently frivolous claims.

11  *Flanagan v. Arnaiz*, 1999 U.S. App. LEXIS 32234, at *4 (9th Cir. 1999).

12         Thus, sanctions are proper "if [a] paper filed in district court and signed by an attorney . . .

13  is frivolous, legally unreasonable, or without factual foundation, even though the paper was not

14  filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986),

15  abrogated on other grounds by *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 (1990).  Not all of

16  a complaint's claims need be frivolous for Rule 11 sanctions to be appropriate.  *Townsend v.*

17  *Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990) (en banc).

18         The imposition of sanctions is a matter within the Court's discretion. Fed. R. Civ. P. 11(c).

19  "If warranted, the court may award to the prevailing party the reasonable expenses, including

20  attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

21                                       **III.**

22                    **RELEVANT FACTS AND ALLEGATIONS**

23         The FAC relates to a development project in San Francisco known as 1850 Bryant Street.

24  Beckham claims Bryant Land promoted the project as a nonprofit multi-tenant center, and offered

25  to sell condominiums at the project to nonprofit groups.  Beckham claims that with her assistance,

26  the nonprofits— including Goodwill, Mission Neighborhood Centers and Muttville—"appl[ied]

27  for and obtain[ed] grant funds" from the government "believing that they would purchase business

28  condominiums at [1850 Bryant Street]."  FAC 3:1-5 and ¶¶ 5, 16.

Beckham claims Bryant Land induced the nonprofits to apply for and obtain these grants to obtain community support for the project—and, ultimately, the Planning Commission's approval of the project.  FAC at 2:2-11, 2:19-28, 3:1-7, ¶ 15.  Beckham asserts that the nonprofits, including Goodwill, Mission Neighborhood Centers and Muttville, obtained more than $100 million in government funding to purchase condominiums at 1850 Bryant Street.  FAC 3:8-12 and ¶ 23.  Once the Planning Commission approved the development, as part of its "scheme," Bryant Land purportedly "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations" because it had purportedly entered into a secret backroom deal to sell or lease the property to San Francisco.  FAC 2:1-8, 2:21-24.

The allegations are false.

As the declarations submitted on behalf of Goodwill, Mission Neighborhood Centers and Muttville make clear, Bryant Land never "refuse[d] to proceed with the sale of the condominiums to nonprofit organizations," as Beckham claims. *See*  FAC 2:21-24.  Rather, it was the nonprofits that ultimately decided not to move forward with the 1850 Bryant Street project.

Moreover, although Beckham claims these nonprofits received government funds to purchase a condominium at 1850 Bryant Street (FAC ¶ 23), the declarations make clear that Goodwill, Mission Neighborhood Centers and Muttville never received any public money in connection with the project.

Beckham and her counsel were served with a copy of this motion on November 8, 2022, and failed to withdraw or correct the FAC within the 21-day safe harbor period, which expired on November 29, 2022.

## IV.

### BECKHAM AND HER COUNSEL SHOULD BE SANCTIONED UNDER RULE 11

**A.    The FAC's Qui Tam Theory Is Objectively Baseless**

Beckham's FAC is baseless.  This entire case is based on the theory that, because the original vision for the 1850 Bryant Street project changed, that change must have been the result of a massive scheme to defraud the government.

1   "The inquiry whether the complaint is factually baseless can be stated [as follows]: Would

2   a reasonable attorney have believed plaintiff's complaint to be well-founded in fact based on what

3   a reasonable attorney would have known at the time?" *Willis v. City of Oakland*, 231 F.R.D. 597,

4   598 (N.D. Cal. 2005). The FAC contains no factual allegations to support its qui tam theory and

5   the assertions that Bryant Land defrauded anyone, much less the government, in connection with

6   the 1850 Bryant Street project.  Indeed, it is supported by no more than Beckham's speculations

7   and the bare conclusion that the vision must have changed *because of* a mass scheme to defraud.

8   No reasonable attorney could have believed that Beckham's allegations were well-founded given

9   the conclusory, speculative nature of this suit.

10   Moreover, Beckham objectively should have known her claims were speculative and

11   baseless when she filed suit.  She claims to have been involved with helping the nonprofits apply

12   for grant applications.  She knew who these nonprofits were—and identifies a handful of them in

13   the FAC.  FAC ¶ 16.  So, Beckham knew or should have known that the nonprofits who were

14   originally interested in the 1850 Bryant Street project (specifically, Muttville, Goodwill of the San

15   Francisco Bay, and Mission Neighborhood Centers, Inc.) simply decided not to move forward

16   with the project—rather than being excluded from the project by Bryant Land as part of an alleged

17   "scheme to refuse to proceed with the sale of the condominiums to the nonprofit[s]" and instead

18   sell or lease the property to San Francisco.  *Compare* Decls. of Muttville, Goodwill of the San

19   Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC at 2:23-24, 7:6-8.

20   Similarly, in light of Beckham's involvement with the nonprofits and their alleged grant

21   applications, she knew or should have known that the nonprofits (specifically, Muttville, Goodwill

22   of the San Francisco Bay, and Mission Neighborhood Centers, Inc.) never even received funds to

23   purchase a condominium at the 1850 Bryant Street project, as claimed.  *Compare* Decls. of

24   Muttville, Goodwill of the San Francisco Bay, and Mission Neighborhood Centers, Inc. *with* FAC

25   at 3:8-12, ¶¶ 16, 20, 22, 23; *see also Patterson v. Alaska Airlines, Inc.*, 756 F. Supp. 476, 479-80

26   (W.D. Wash. 1990) (pleading was baseless where "Plaintiffs never had any factual basis for

27   believing that the statute of limitations was tolled" at the time they filed their complaint).

28   For this reason, the FAC's filing—and Beckham's reliance on a demonstrably false

1   theory—runs afoul of Rule 11.

2   **B.    Beckham's Counsel Did Not Conduct A Reasonable Inquiry**

3         In light of the above and the attached declarations, Beckham's counsel could not have

4   conducted a reasonable inquiry before including the baseless allegations in the FAC. "The

5   reasonable inquiry test is meant to assist courts in discovering whether an attorney, after

6   conducting an objectively reasonable inquiry into the facts and law, would have found the

7   complaint to be well-founded." *Holgate*, 425 F.3d at 677.

8         A competent inquiry would have revealed that this case's central claims—that the

9   nonprofits all received government funds and were unable to purchase a condominium at 1850

10   Bryant Street because Bryant Land refused to sell the condominiums to them (as part of an alleged

11   scheme to defraud)—are baseless.  Beckham worked with those nonprofits.  If she did not have the

12   information in her actual possession about whether the nonprofits received funds and/or why they

13   did not move forward with purchasing a condominium, it was within her reach.  Counsel could

14   have, and should have, inquired with at least the nonprofits specifically named in the FAC to vet

15   the veracity the serious qui tam claims levied against Bryant Land in this case.

16         The evidence shows, unequivocally, that at least half of the nonprofits mentioned in the

17   FAC never received any funding for 1850 Bryant Street and that it was *the nonprofits' decision*

18   not to move forward with the 1850 Bryant Street project—not Bryant Land's refusal as part of an

19   alleged scheme to defraud.  *See* Decls. of Muttville, Goodwill of the San Francisco Bay, and

20   Mission Neighborhood Centers, Inc.  The discovery of this evidence through normal investigative

21   techniques would have alerted Beckham's counsel that the FAC's allegations, and the entire

22   theory upon which this qui tam suit rests, are not well-founded.

23         Beckham's counsel therefore failed to conduct a reasonable and competent inquiry. *See*

24   *Entm't by J & J, Inc. v. Lee*, 126 F. App'x 797, 798 (9th Cir. 2005) (district court was justified in

25   imposing sanctions where plaintiff "acted recklessly by not fully investigating her claim");

26   *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221-22 (6th Cir. 1986) (sanctions appropriate where a

27   reasonable inquiry would have disclosed that a claim was not well-grounded in fact). This, too,

28   runs afoul of Rule 11.

## V.

### THE COURT SHOULD IMPOSE SANCTIONS ON BECKHAM AND HER COUNSEL

In their effort to cobble together a qui tam claim, Beckham overreached. She lobbed frivolous allegations of mass government fraud at Bryant Land based on nothing more than speculation and a hope that she might discover something to support such a claim.

On November 8, 2022, Bryant Land served a copy of this motion on Beckham and her counsel, and offered them the opportunity to withdraw or correct the FAC. Beckham declined this safe harbor opportunity. *See* Elliott Decl., Fed. R. Civ. P. 11(c)(2).

Rule 11 sanctions are appropriate where, as here, a plaintiff's claims are "without evidentiary support and thus appear to have been instigated as a gamble that something might come of it rather than on the basis of the facts at hand." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). "While Rule 11 does not bar the courthouse door to people who have support for a complaint but need discovery to prove their complaint, the need for discovery does not excuse the filing of a vacuous complaint." *Scott v. City of Chicago*, 195 F.3d 950, 953 (7th Cir. 1999).  Beckham and her counsel should be sanctioned by being ordered to compensate Bryant Land for their costs and fees incurred in litigating this matter. *See Islamic Shura Council*, 757 F.3d 870, 872-73 (9th Cir. 2014) (sanctions "compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it").

## VI.

### CONCLUSION

For the reasons set forth above, Bryant Land requests that the Court sanction Beckham and her counsel pursuant to Rule 11(c).

DATED:  November 8, 2022

SEVERSON & WERSON
A Professional Corporation

By: _____/s/ *Andrew S. Elliott*_____
         ANDREW S. ELLIOTT

Attorneys for Defendants 1850 Bryant Land LLC, Christopher Paul Foley and Douglas Ross

1  ANDREW S. ELLIOTT (State Bar No. 254757]
   ase@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  595 Market Street, Suite 2600
   San Francisco, California 94105
4  Telephone: (415) 398-3344
   Facsimile: (415] 956-0439
5
   Attorneys for Defendants 1850 BRYANT LAND
6  LLC, CHRISTOPHER PAUL FOLEY AND
   DOUGLAS ROSS
7

8                  UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11 | UNITED STATES OF AMERICA, *ex rel.*      Case No. 3:21-cv-05742-RS
   | LEIASA BECKHAM, and STATE OF
12 | CALIFORNIA, *ex rel.* LEIASA BECKHAM,    **Declaration of William Rogers**

13 |              Plaintiff,

14 |       vs.

15 | 1850 BRYANT LAND LLC, KASLOFSKY
   | & ASSOCIATES LLC, THURSTON
16 | KASLOFSKY, CHRISTOPHER PAUL
   | FOLEY, DOUGLAS ROSS, SAN
17 | FRANCISCO COMMUNITY INVESTMENT
   | FUND, CITY AND COUNTY OF SAN
18 | FRANCISCO, and NAOMI KELLY,

19 |              Defendant.

20

21

22

23

24

25

26

27

28

13237.0001/16245967.1                              Case No. 3:21-cv-05742-RS
                           DECLARATION

1    I, William Rogers, declare as follows:

2    1.    I am the President and Chief Executive Officer at Goodwill of the San Francisco

3  Bay ("Goodwill").   I have been in this role since 2016.  I have personal knowledge of the facts set

4  forth below and, if called upon to do so, I could and would testify competently about those facts.

5    2.    On behalf of Goodwill, I discussed with 1850 Bryant Land, LLC the development

6  of a condominium project at 1850 Bryant Street, San Francisco, CA (the "1850 Bryant Project"),

7  whereby Goodwill would contribute capital to purchase its own condominium unit.

8    3.    Goodwill ultimately decided not to move forward with the 1850 Bryant Project.

9    4.    Goodwill never obtained or received grant funds or any other public money to

10  purchase its own condominium unit at or for the development of the 1850 Bryant Project.

11

12    I certify under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.  Executed at Oakland, California, on _Sep 28, 2022_____.

14

15                                           _____
                                             William Rogers (Sep 28, 2022 09:03 PDT)

16                                           William Rogers

17

18

19  5199092.1

20

21

22

23

24

25

26

27

28

# 1850 Bryant-Beckham - declaration (Goodwill Rogers declaration clean 09.26.2022)

Final Audit Report                                                                 2022-09-28

| | |
|---|---|
| Created: | 2022-09-26 |
| By: | Michelle Elston (melston@sfgoodwill.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA_f51tesJ6T4SEykNl-wYMELTfEKrN844 |

## "1850 Bryant-Beckham - declaration (Goodwill Rogers declaration clean 09.26.2022)" History

📄 Document created by Michelle Elston (melston@sfgoodwill.org)
2022-09-26 - 10:50:21 PM GMT

📧 Document emailed to William Rogers (wrogers@sfgoodwill.org) for signature
2022-09-26 - 10:50:47 PM GMT

📄 Email viewed by William Rogers (wrogers@sfgoodwill.org)
2022-09-28 - 4:03:44 PM GMT

✍ Document e-signed by William Rogers (wrogers@sfgoodwill.org)
Signature Date: 2022-09-28 - 4:03:59 PM GMT - Time Source: server

✅ Agreement completed.
2022-09-28 - 4:03:59 PM GMT

**Adobe Acrobat Sign**

1    ANDREW S. ELLIOTT (State Bar No. 254757]
     ase@severson.com
2    SEVERSON & WERSON
     A Professional Corporation
3    595 Market Street, Suite 2600
     San Francisco, California 94105
4    Telephone: (415] 398-3344
     Facsimile: (415] 956-0439
5
     Attorneys for Defendants 1850 BRYANT LAND
6    LLC, CHRISTOPHER PAUL FOLEY AND
     DOUGLAS ROSS
7

8                     UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11   UNITED STATES OF AMERICA, *ex rel.*       Case No. 3:21-cv-05742-RS
     LEIASA BECKHAM, and STATE OF
12   CALIFORNIA, *ex rel.* LEIASA BECKHAM,     **Declaration of Sherri Franklin**

13              Plaintiff,

14         vs.

15   1850 BRYANT LAND LLC, KASLOFSKY
     & ASSOCIATES LLC, THURSTON
16   KASLOFSKY, CHRISTOPHER PAUL
     FOLEY, DOUGLAS ROSS, SAN
17   FRANCISCO COMMUNITY INVESTMENT
     FUND, CITY AND COUNTY OF SAN
18   FRANCISCO, and NAOMI KELLY,

19              Defendant.

20

21

22

23

24

25

26

27

28

1      I, Sherri Franklin, declare as follows:

2      1.      I am the Chief Executive Officer at Muttville.  I have been in this role since

3   January 1, 2007.  I have personal knowledge of the facts set forth below and, if called upon to do

4   so, I could and would testify competently about those facts.

5      2.      On behalf of Muttville, I was involved in the discussions with 1850 Bryant Land,

6   LLC to potentially partner in the development of a new construction community condominium

7   project located at 1850 Bryant Street, San Francisco, CA (the "1850 Bryant Project"), whereby

8   Muttville would contribute capital in effort to purchase its own condominium unit.

9      3.      While Muttville and 1850 Bryant Land, LLC engaged in various discussions,

10  Muttville ultimately decided not to move forward with the 1850 Bryant Project.  MNC does not

11  fault 1850 Bryant Land, LLC or its principals in connection with MNC's decision not to move

12  forward with the 1850 Bryant Project.

13     4.      Muttville has never obtained grant funds or any other public money in connection

14  with the 1850 Bryant Project.

15

16     I certify under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct.  Executed at San Francisco, California, on

18  __10/5/2022_____.

19                                                 DocuSigned by:

20                                                 _Sherri Franklin_____
                                                   84F00FA4A62C459...

21                                                 Sherri Franklin

22

23

24

25

26

27

28

**DocuSign**

## Certificate Of Completion

Envelope Id: CD5B9DF74E234492BA65CCE18A48EB77
Subject: Complete with DocuSign: Muttville (unsigned).pdf
Source Envelope:
Document Pages: 2
Certificate Pages: 4
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: 1
Initials: 0

Status: Completed

Envelope Originator:
Emily Rhea
One Embarcadero Center
Suite 2600
San Francisco, CA  94111
info@severson.com
IP Address: 4.53.201.98

## Record Tracking

Status: Original
        10/5/2022 4:10:30 PM

Holder: Emily Rhea
        info@severson.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Sherri Franklin<br>muttmom1@gmail.com<br>Security Level: Email, Account Authentication (None) | *Sherri Franklin*<br>84F00FA4A62C459... | Sent: 10/5/2022 4:11:51 PM<br>Viewed: 10/5/2022 6:20:13 PM<br>Signed: 10/5/2022 6:20:23 PM |
|  | Signature Adoption: Pre-selected Style<br>Using IP Address: 174.194.200.186<br>Signed using mobile |  |
| **Electronic Record and Signature Disclosure:**<br>  Accepted: 10/5/2022 6:20:13 PM<br>  ID: 8c10e9f6-aeb0-4a77-bfea-02b7dc947346 |  |  |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 10/5/2022 4:11:51 PM |
| Certified Delivered | Security Checked | 10/5/2022 6:20:13 PM |
| Signing Complete | Security Checked | 10/5/2022 6:20:23 PM |
| Completed | Security Checked | 10/5/2022 6:20:23 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Severson & Werson, P.C. (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

### How to contact Severson & Werson, P.C.:

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: info@severson.com

### To advise Severson & Werson, P.C. of your new email address

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at info@severson.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

### To request paper copies from Severson & Werson, P.C.

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to info@severson.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

### To withdraw your consent with Severson & Werson, P.C.

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to info@severson.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

## Required hardware and software

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

## Acknowledging your access and consent to receive and sign documents electronically

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Severson & Werson, P.C. as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Severson & Werson, P.C. during the course of your relationship with Severson & Werson, P.C..

1   ANDREW S. ELLIOTT (State Bar No. 254757]
    ase@severson.com
2   SEVERSON & WERSON
    A Professional Corporation
3   595 Market Street, Suite 2600
    San Francisco, California 94105
4   Telephone: (415) 398-3344
    Facsimile: (415] 956-0439
5
    Attorneys for Defendants 1850 BRYANT LAND
6   LLC, CHRISTOPHER PAUL FOLEY AND
    DOUGLAS ROSS
7

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

11  UNITED STATES OF AMERICA, *ex rel.*     Case No. 3:21-cv-05742-RS
    LEIASA BECKHAM, and STATE OF
12  CALIFORNIA, *ex rel.* LEIASA BECKHAM,    **Declaration of Sebastian Alioto**

13              Plaintiff,

14          vs.

15  1850 BRYANT LAND LLC, KASLOFSKY
    & ASSOCIATES LLC, THURSTON
16  KASLOFSKY, CHRISTOPHER PAUL
    FOLEY, DOUGLAS ROSS, SAN
17  FRANCISCO COMMUNITY INVESTMENT
    FUND, CITY AND COUNTY OF SAN
18  FRANCISCO, and NAOMI KELLY,

19              Defendant.

20

21

22

23

24

25

26

27

28

13237.0001/16239483.2                         Case No. 3:21-cv-05742-RS
                        DECLARATION

I, Sebastian Alioto, declare as follows:

1.      I am the Chief Financial Officer at Mission Neighborhood Centers, Inc. ("MNC"). I have been the CFO since July 2018 and on the Board of MNC since 2007.  I have personal knowledge of the facts set forth below and, if called upon to do so, I could and would testify competently about those facts.

2.      On behalf of MNC, I was involved in the discussions with 1850 Bryant Land, LLC to potentially partner in the development of a new construction community condominium project located at 1850 Bryant Street, San Francisco, CA (the "1850 Bryant Project"), whereby MNC would contribute capital in effort to purchase its own condominium unit.

3.      While MNC and 1850 Bryant Land, LLC engaged in various discussions, MNC ultimately decided not to move forward with the 1850 Bryant Project.  MNC does not fault 1850 Bryant Land, LLC or its principals in connection with MNC's decision not to move forward with the 1850 Bryant Project.

4.      MNC has never obtained grant funds or any other public money in connection with the 1850 Bryant Project.  MNC did, however, receive grant funds around the same time it was analyzing whether to participate in the 1850 Bryant Project.  Those grant funds were transferred to another project and were not used in connection with the 1850 Bryant Project.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California, on October 18, 2022.



Sebastian Alioto