DAVID CHIU, State Bar #189542
City Attorney
WAYNE SNODGRASS, State Bar #148137
JAMES M. EMERY, State Bar #153630
MIGUEL A. GRADILLA, State Bar #304125
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4628 (Emery)
(415) 554-3870 (Gradilla)
Facsimile: (415) 554-4699
E-mail: jim.emery@sfcityatty.org
miguel.gradilla@sfcityatty.org

Attorneys for Defendants
SAN FRANCISCO COMMUNITY INVESTMENT FUND,
CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY

*[Additional Counsel Listed Below]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, *ex rel.* LEIASA BECKHAM, and STATE OF CALIFORNIA, ex rel. LEIASA BECKHAM,

Plaintiffs,

vs.

1850 BRYANT LAND LLC, KASLOFSKY & ASSOCIATES LLC, THURSTON KASLOFSKY, CHRISTOPHER PAUL FOLEY, DOUGLAS ROSS, SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY,

Defendants.

Case No. 3:21-cv-05742-RS

**DEFENDANTS JOINT REPLY IN SUPPORT OF JOINT MOTION TO DISMISS THE THIRD AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT AND CALIFORNIA FALSE CLAIMS ACT**

Hearing Date: June 15, 2023
Time: 1:30 p.m.
Before: Honorable Richard Seeborg
Place: 450 Golden Gate Avenue
Courtroom 3 – 17th Floor
San Francisco, CA 94102

Trial Date: None set.

n:\govlit\li2023\230066\01676869.docx

Andrew S. Elliott, State Bar #254757
Elizabeth C. Farrell, State Bar #280056
SEVERSON & WERSON
A Professional Corporation
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Tel: (949) 442-7110
Email: ase@severson.com
       ecf@severson.com

[Attorneys for Defendants 1850 BRYANT LAND LLC, CHRISTOPHER PAUL FOLEY AND DOUGLAS ROSS]

Aaron R. Jackson, State Bar #250403
JACKSON LAW GROUP, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111-5235
Tel: (415) 379-0560
Fax: (415) 869-3723
Email: aaron@jacksonlawgrouppc.com

[Attorneys for Defendants KASLOFSKY & ASSOCIATES LLC and THURSTON KASLOFSKY]

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

INTRODUCTION ..... 1

ARGUMENT ..... 2

I. The TAC Fails to Plead Violations of Either the FCA or CFCA. ..... 2

A. Beckham's Failure to Plead Materiality is Fatal to the TAC. ..... 2

B. The TAC Fails to Plead Any False Claim. ..... 3

C. The TAC Fails to Plead Scienter. ..... 5

D. The TAC Fails to Allege a Reverse False Claim. ..... 6

E. The TAC Fails to Plead the Alleged Scheme With Particularity, Including the Alleged Conspiracy. ..... 8

II. The CFCA Claim Against Ms. Kelly Must Be Dismissed. ..... 9

III. The Court Should Deny Leave to Amend. ..... 9

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

### Federal Cases

*Bly-Magee v. California*
(9th Cir. 2001) 236 F.3d 1014 ....................................................................................4

*Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*
637 F.3d 1047 (9th Cir. 2011) ...............................................................................4, 5, 7

*Gharibian ex rel. U.S. v. Valley Campus Pharmacy, Inc.*
No. 21-56253, 2023 WL 195514 (9th Cir. 2023). ........................................................3

*Hawaii ex rel. Torricer v. Liberty Dialysis-Hawaii LLC*
512 F.Supp.3d 1096 (D. Haw. Jan. 12, 2021)...............................................................8

*In re Gilead Scis. Secs. Litig.*
536 F.3d 1049 (9th Cir. 2008) ......................................................................................1

*Mariscal v. Graco, Inc.*
52 F.Supp.3d 973 (N.D. Cal. 2014) ..............................................................................2

*McLemore v. Marin Hous. Auth.*
No. 20-cv-05431-JD, 2021 WL 4124210 (N.D. Cal. Sept. 9, 2021) ................................ *passim*

*United States ex rel. Durkin v. Cnty. of San Diego*
00 F.Supp.3d 1107 (S.D. Cal. 2018)...........................................................................3, 4

*United States ex rel. Hendow v. Univ. of Phoenix*
461 F.3d 1166 (9th Cir. 2006) ...................................................................................2, 3

*United States ex rel. Jones v. Sutter Health*
No. 18-CV-02067-LHK, 2021 WL 3665939 (N.D. Cal. Aug. 18, 2021)...................................9

*United States ex rel. Lee v. Corinthian Colls.*
655 F.3d 984 (9th Cir. 2011) .........................................................................................7

*United States ex rel. Mei Ling v. City of Los Angeles*
No. CV 11-974 PSG (JCx), 2018 WL 3814498 (C.D. Cal. July 25, 2018)............................5, 6

*United States ex rel. Osinek v. Permanente Medical Group, Inc.*
No. 21-cv-03894-EMC, 2022 WL 16925963 (N.D. Cal. Nov. 14, 2022) ..................................3

*United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*
637 F.3d 1047 (9th Cir. 2011) ......................................................................................4

*United States ex rel. Ormsby v. Sutter Health*
444 F.Supp.3d 1010 (C.D. Cal. 2020) ...........................................................................5

*United States v. Crescendo Bioscience, Inc.*
No. 16-cv-02043-TSH, 2020 WL 2614959 (N.D. Cal. May 23, 2020).......................................2

*United States v. Kinetic Concepts, Inc.*
CV 08-01885-BRO (AGRx), 2017 WL 2713730 (C.D. Cal. Mar. 6, 2017) ..........................7, 8

*United States v. Safran Group*
No. 15-CV-00746-LHK, 2017 WL 235197 (N.D. Cal. Jan. 19, 2017) .................................2, 6

*United States v. Scan Health Plan*
CV 09-5013-JFW (JEMx), 2017 WL 4564722 (C.D. Cal. Oct. 5, 2017)..................................5

*Universal Health Servs., Inc. v. U.S. ex rel. Escobar*
579 U.S. 176 (2016)..........................................................................................................3

**Federal Statutes**

31 U.S.C.
§§ 3729, et seq. [Federal False Claims Act] .................................................................. *passim*
§ 3729(a)(1)(G)...............................................................................................................7, 8
§ 3729(a)(7) .......................................................................................................................7
§ 3729(b)(1)(G)...................................................................................................................7

**State Statutes & Codes**

Cal. Gov. Code
§§ 12651, et seq. [Cal. False Claims Act] ........................................................................ *passim*
§ 12651(a)(7) ......................................................................................................................8

**Rules**

Fed. R. Civ. P. Rule 8 ..........................................................................................................5

## INTRODUCTION

Beckham's opposition to Defendants' Joint Motion to Dismiss (Motion or Mot.) the Third Amended Complaint (TAC) confirms why the Court should grant the Motion. The opposition fails to grapple with the arguments in the Motion, and the legal authority it cites, detailing the TAC's many deficiencies. Instead, the opposition mostly recites the TAC almost word-for-word. What little argument there is, is mostly a superficial presentation of law with little to no explanation of how Beckham's TAC satisfies the applicable legal requirements.

What Beckham's opposition does is uncritically assert that the TAC's allegations, no matter how conclusory or implausible, are to be taken as true. But while courts "accept the plaintiffs' allegations [in the complaint] as true and construe them in the light most favorable to plaintiffs[,]" courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Beckham's allegations are exactly that. The TAC gives the Court no reason to draw favorable inferences because it is replete with conclusory and implausible allegations. Further, the TAC fails to allege the required elements to state either False Claims Act (FCA) or California False Claims Act (CFCA) claims. Nowhere in her opposition does Beckham point to allegations in the TAC detailing the purported false claims at issue, explain how the TAC sufficiently alleges materiality or scienter, or how any of the allegations in the TAC meet the applicable heightened pleading standard. In the alternative, Beckham asks the Court for another shot at correcting deficiencies in the TAC that the Court has *already* identified and allowed Beckham to amend. The Court should decline the invitation. Beckham has had a prior opportunity to amend, the opposition fails to detail how she would fix the TAC's flaws, and the opposition does not contest that Defendants would suffer prejudice should Beckham be allowed to amend her complaint once more.

Accordingly, the Court should grant Defendants' Motion and dismiss the TAC in its entirety without leave to amend.

## ARGUMENT

### I. The TAC Fails to Plead Violations of Either the FCA or CFCA.

The elements of a false claim cause of action for both the FCA and CFCA are: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys." *United States v. Safran Group*, No. 15-CV-00746-LHK, 2017 WL 235197, at *5 (N.D. Cal. Jan. 19, 2017) (quoting *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006)); *United States v. Crescendo Bioscience, Inc.*, No. 16-cv-02043-TSH, 2020 WL 2614959, at *6 (N.D. Cal. May 23, 2020) (the same analysis applies to FCA and CFCA claims). For the reasons below, the TAC fails to sufficiently plead these necessary elements and Beckham's opposition fails to provide any reason for the Court to conclude otherwise. Further, because Beckham has failed to meaningfully address most arguments in the Motion, she has conceded those arguments that she failed to oppose. *See Mariscal v. Graco, Inc.*, 52 F.Supp.3d 973, 984 (N.D. Cal. 2014) ("Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims."); *McLemore v. Marin Hous. Auth.*, No. 20-cv-05431-JD, 2021 WL 4124210, at *2 (N.D. Cal. Sept. 9, 2021) (finding that plaintiffs conceded point in a motion to dismiss by not addressing defendant's argument in opposition brief).

#### A. Beckham's Failure to Plead Materiality is Fatal to the TAC.

Although alleging materiality is necessary for Beckham to plead actionable FCA and CFCA violations, the TAC fails to do so, and Beckham's opposition offers nothing more than conclusory restatements of the TAC's allegations. Opposition (Opp.) at 24-25. This is inadequate as a matter of law.

It is self-referential, conclusory, and insufficient to assert, as Beckham does, that the TAC's allegations are material because the nonprofits mentioned in the TAC would not have applied for the grants, nor would the funders have awarded the grants, had Defendants' revealed the "real" plan for the development of the building at 1850 Bryant Street (1850 Bryant). Opp. at 24. It also ignores relevant case law detailing what courts consider in determining whether materiality is sufficiently alleged in FCA complaints. Mot. at 17-19. Beckham's opposition fails to engage with relevant authority because the TAC's failure to plead materiality is evidently insurmountable. Nowhere in the

TAC does Beckham allege any "statutory, regulatory, or contractual requirement[s]" relevant to the purported grant applications. *U.S. ex rel. Osinek v. Permanente Medical Group, Inc.*, No. 21-cv-03894-EMC, 2022 WL 16925963, at *6 (N.D. Cal. Nov. 14, 2022). As a result, the TAC does not contain any factual allegations related to whether any purported noncompliance with grant requirements was minor or "if it goes 'to the very essence of the bargain.'" *Id.* As the court in *U.S. ex rel. Durkin v. Cnty. of San Diego*, 300 F.Supp.3d 1107 (S.D. Cal. 2018) explained, the heart of a court's inquiry regarding materiality is whether the alleged noncompliance with the grant requirements were the "sine qua non," or essential condition, of awarding the grants. *Durkin*, at 1127. Responding to the Motion's showing that Beckham failed to plead materiality, Beckham merely repeats her conclusory assertions that the funders would not have approved the grants if Defendants had revealed the "real" plan for 1850 Bryant. Opp. at 17. Such conclusory allegations will not do and this defect alone is fatal. *See Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 195 n.6 (2016); *Hendow*, 461 F.3d at 1174; *Gharibian ex rel. U.S. v. Valley Campus Pharmacy, Inc.*, No. 21-56253, 2023 WL 195514, at *2 (9th Cir. 2023).

**B. The TAC Fails to Plead Any False Claim.**

In its Order granting Defendants' motions to dismiss the First Amended Complaint (FAC), the Court stated that though "Beckham is not required to describe each and every false claim, Rule 9(b) requires a more fulsome showing than the one proffered" in the FAC. Dkt. 60 at 6. The Motion explained in detail how the TAC also fails to provide the required "more fulsome showing." Mot. at 15-17. And yet, Beckham still failed to contest Defendants' arguments regarding how the TAC fails to sufficiently identify any false claim, beyond rehashing the TAC's deficient allegations. Opp. at 23-24. She has therefore conceded this point. *McLemore*, 2021 WL 4124210, at *2.

Beckham's opposition appears to argue that "representative examples of false claims" are not necessary and that "particular details of a scheme to submit false claims" along with "reliable indicia" to suggest that claims were submitted suffice. Opp. at 20. These arguments miss the mark and do not explain how the TAC provides the required "more fulsome showing." While "representative examples of false claims" would suffice, *see Durkin*, 300 F.Supp.3d at 1118-25, Defendants did not argue that the TAC must include "example" claims. As explained in the Motion, the TAC does not provide

factual allegations regarding the purported grant applications' requirements, the content of the grant applications themselves, or anything related to the approvals received from funders. Mot. at 15-17. This indicates Beckham is not an insider privy to fraud—but rather a mere speculator. *Bly-Magee v. California* (9th Cir. 2001) 236 F.3d 1014, 1019) (noting that "'[q]ui tam suits are meant to encourage insiders privy to a fraud on the government to blow the whistle on the crime,'"—so these insiders should have adequate knowledge of the alleged wrongdoing to state a claim). And as this Court has already indicated, Beckham's status as an outsider "may well make it more difficult for her to obtain some of this information, but the particularity requirement applies nonetheless." Dkt. 60 at 6. Beckham's opposition also fails to distinguish *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) or *Durkin*, two case directly on point illustrating the level of detail in an FCA complaint that relators like Beckham must allege to avoid dismissal.

Beckham argues that "particular details of a scheme to submit false claims" along with "reliable indicia" are enough to suggest false claims were submitted. That may be true generally but Beckham has not provided "particular details" nor has she shown any "reliable indicia" to support her claims, so the general principle is inapplicable here. As the court in *Cafasso* explained, "in assessing the plausibility of an inference, we draw on our judicial experience and common sense and consider obvious alternative explanations." *Cafasso*, 637 F.3d at 1056 (cleaned up).

As detailed in the Motion, such a ready and obvious common-sense explanation exists.[1] Mot. at 15-16. If, as Beckham alleges, the grants funds "required" the nonprofits to purchase condominiums at 1850 Bryant, then the grants' terms must have also required the nonprofits to return the money when no condominium purchases occurred. But if the grants were not conditioned on condominium purchases, and instead were allowed to be used for alternative uses, then the alleged misrepresentations could not have been material. Further, as to the grants for mortgage debt servicing, it is implausible that nonprofits would seek and receive grants to service the mortgage debt for any property at 1850 Bryant because there are no condominiums there. The TAC is therefore not entitled

---

[1] Similarly, there are many obvious and common-sense explanations for the project's failure to materialize that do not relate to an alleged fraud on the government.

to an inference that false claims were part of any scheme. Beckham's opposition is entirely silent on this point. Consequently, she concedes this argument. *McLemore*, 2021 WL 4124210, at *2.

In short, because the TAC fails to allege any facts regarding the substantive content of any alleged false claims, and the TAC does not warrant an inference that false claims were submitted, Beckham has failed to sufficiently plead violations of either the FCA or CFCA. *Cafasso*, 637 F.3d at 1056 ("But to commit conduct actionable under the FCA, one must, in some way, falsely assert entitlement to obtain or retain government money or property.") This alone is fatal to the TAC because "the FCA attaches liability, not to the underlying fraudulent activity or to the governments' wrongful payment, but to the claim for payment." *Id.* at 1055 (cleaned up).

**C. The TAC Fails to Plead Scienter.**

The TAC should also be dismissed for a third and independent reason: because it does not adequately plead scienter. In the Motion, Defendants explained the TAC failed to allege scienter because its conclusory allegations about knowledge failed to satisfy Rule 8. Mot. at 19. In its Statement of Interest, the federal government urges that collective scienter allegations are permissible in FCA cases. *See* Dkt. 71. Although it appears to be an unsettled question whether collective scienter allegations are permissible in the Ninth Circuit, this Court need not resolve this case on that basis.[2] The TAC fails to sufficiently plead scienter to meet Rule 8 under any standard.

*U.S. ex rel. Mei Ling v. City of Los Angeles*, No. CV 11-974 PSG (JCx), 2018 WL 3814498, at *11 (C.D. Cal. July 25, 2018), cited by the federal government in its Statement of Interest, illustrates why Beckham has failed to allege scienter. Absent controlling or persuasive authority on whether collective scienter allegations were permissible, the *Ling* court followed the Ninth Circuit's guidance that allegations of fraud suffice when particular details of the scheme to submit false claims accompany "reliable indicia that lead to a strong inference that claims were actually submitted." *Ling*,

[2] *Compare United States ex rel. Ormsby v. Sutter Health*, 444 F.Supp.3d 1010, 1084 n.499 (C.D. Cal. 2020) (explaining that "the putative prohibition on a collective-scienter theory does not require a plaintiff to plead or prove that the individuals who — on behalf of the defendant organization — submitted claims or certifications had scienter themselves.") *with United States v. Scan Health Plan*, CV 09-5013-JFW (JEMx), 2017 WL 4564722, at *5 (C.D. Cal. Oct. 5, 2017) (holding that "a complaint may not rely on the notion that a corporation has collective scienter separate from the scienter of any actual human.") (cleaned up).

2018 WL 3814498, at *11. That is, it did not decide that collective scienter allegations were a permissible manner to plead scienter. *Id.* The court there concluded that the fact that the complaint did not identify the specific individuals within the defendant organizations that made the alleged misrepresentations was not fatal to the complaint. *Id.* The court explained that the scienter requirement was met because the complaint identified specific: (1) "programs to which the [a defendant] submitted allegedly false claims"; (2) applications submitted; (3) requests for funding; and (4) failures to implement relevant legal requirements. *Id.* It also explained that the defendants had enough information to identify the individuals who signed the "claims and statements" at issue so defendants were already on notice. *Id.* None of that is true here. As detailed above, the TAC fails to allege any false claim. *See supra* section I.B. It fails to identify any specific request for funding or specific programs beyond the state and federal agencies purportedly involved. And nowhere does the TAC contain allegations related to any programmatic, contractual, legal or any other requirements related to the supposed grant applications. In short, as explained above, there are no allegations to reasonably infer that claims were actually submitted here and therefore there is no "plausible scheme that satisfies the scienter requirement." *Id.*

The scienter analysis here does not turn on whether the TAC alleges the knowledge of specific persons associated with any Defendant, and the Court need not decide the Motion on that basis. Because the TAC's conclusory allegations fail to allege a plausible scheme, the TAC does not warrant an inference that would lead to the conclusion that the scienter requirement has been met here. And, again, because Beckham fails to contest Defendants' showing in the Motion that Beckham failed to allege the 1850 Bryant Defendants' scienter, Beckham concedes that argument. *McLemore*, 2021 WL 4124210, at *2.

Accordingly, the TAC does not adequately allege scienter and must be dismissed.

**D. The TAC Fails to Allege a Reverse False Claim.**

Beckham also argues that Defendants violated the reverse false claim provision of the FCA.[3] Opp. at 23. She asserts that San Francisco misrepresented to the "Government" that HHS and HUD

[3] Beckham addresses only the FCA in her opposition. To the extent Beckham argues a reverse false claim violation under the CFCA, such a claim fails for the same reasons that the TAC does not allege a reverse false claim violation under the FCA. *See Safran Group*, 2017 WL 235197, at *4

grants administered by San Francisco were properly awarded, therefore preventing the "Government" from recovering the erroneously issued grants. Opp. at 23 (citing TAC at ¶¶ 25, 24-36). This conclusory argument fails for three reasons. First, the TAC does not allege any FCA violation. Second, nowhere in the TAC or in her opposition does Beckham identify what "obligation" is at issue here. 31 U.S.C. § 3729(a)(1)(G). Third, the reverse false claim argument is repetitive and must be dismissed. *See U.S. v. Kinetic Concepts, Inc.*, CV 08-01885-BRO (AGRx), 2017 WL 2713730, at *6 (C.D. Cal. Mar. 6, 2017).

The reverse false claim provision of the FCA "attempts to provide that fraudulently reducing the amount owed to the government constitutes a false claim." *Cafasso*, 637 F.3d at 1056 (discussing the previous version of the provision at issue 31 U.S.C. §§ 3729(a)(7)) (quotation marks omitted). Just like other provisions of the FCA, the reverse false claims theory requires a "false claim." *Id.* Indeed, the reverse false claim "provision does not eliminate or supplant the FCA's false claim requirement; it rather expands the meaning of a false claim to include statements to avoid paying a debt or returning property to the United States." *Id.* To state a valid reverse false claim, relators must sufficiently allege the same as under other FCA provisions: "(1) a false statement or fraudulent course of conduct, (2) made with requisite scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *See Kinetic Concepts, Inc.*, 2017 WL 2713730, at *6 (quoting *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011)).

As discussed above, the TAC fails to allege facts identifying any "claim for payment," *Cafasso*, 637 F.3d at 1055, nor does it make *any* factual allegations regarding materiality. *See supra* sections I.A and I.B. Further, the TAC is completely devoid of any allegation specifying what "obligation" was at play here, and an "obligation" is central to this provision. *See* 31 U.S.C. § 3729(b)(1)(G). These defects are fatal to Beckham's reverse false claim theory. Further, Beckham's TAC fails to bolster her reverse false claim theory since this Court dismissed that same theory in the FAC. *Compare* FAC at ¶ 25(iii) *to* TAC at ¶ 46(iii).

---

(explaining that the same analysis applies to claims brought under the FCA and CFCA that are "substantially identical").

Finally, Beckham's reverse false claim argument fails because "an actionable reverse false claim cannot be based on a defendant's failure to *refund* the *same* payment that was obtained by an actionable false claim" since it would be redundant. *Hawaii ex rel. Torricer v. Liberty Dialysis-Hawaii LLC*, 512 F.Supp.3d 1096, 1119 (D. Haw. Jan. 12, 2021) (collecting cases) (emphasis in original). That is, an "an obligation that arose independent of the affirmative false claims themselves" must underlie a reverse false claims action. *Id.* at 1120 (quotation marks and citation omitted). Here, the TAC does not identify *any* actionable conduct independent from Beckham's allegations regarding the purported misrepresentations by Defendants. Even a generous reading of the TAC suggests that Beckham relies on the same conduct to argue the reverse false claims point. Given the redundancy and paucity of allegations supporting Beckham's reverse false claim theory, the Court should dismiss the TAC's claims for purported violations of 31 U.S.C. §§ 3729(a)(1)(G) and Cal. Gov't Code §§ 12651(a)(7). *Kinetic Concepts, Inc.*, 2017 WL 2713730, at *13 -14 (dismissing reverse false claims as redundant).

**E. The TAC Fails to Plead the Alleged Scheme With Particularity, Including the Alleged Conspiracy.**

Beckham asserts the TAC alleges sufficient facts, states that the TAC contains details and contains "reliable indicia" to support an inference that claims were submitted, and recites the allegations in the complaint. Opp. 23-25. This will not do. As detailed above, the TAC does not warrant drawing an inference to support that false claims were submitted. *See supra* sections I.B and I.D. And, again, the opposition fails to address the Motion's arguments that the TAC insufficiently alleges the purported scheme to meet Rule 9's requirements and so Beckham has conceded the uncontested arguments, including the impermissible lumping of Defendants' actions, the "where, when, or how" of purported false statements, and allegations made on information and belief. Mot. at 21-23; *McLemore*, 2021 WL 4124210, at *2. Indeed, the TAC and the opposition fail to adequately address the Court's finding that "the only details of [the formation of the alleged 'backroom deal'] are contained in a single, conclusory sentence." Dkt. 60 at 5.

As to the conspiracy claim, Beckham's opposition again fails to engage with the cited legal authority and argument in the Motion, Mot. at 23-24, or explain how the TAC alleges conspiracy

beyond the conclusory statement that Defendants entered into the alleged scheme. Opp. at 23. Again, this nonmeaningful response shows Beckham has conceded this point. *McLemore*, 2021 WL 4124210, at *2.

**II. The CFCA Claim Against Ms. Kelly Must Be Dismissed.**

Beckham asserts that Ms. Kelly "has personal CFCA liability for her role in acting as SFCIF's board member and officer." Opp. at 25. In support, Beckham only cites to the portion of the TAC listing out the parties to the lawsuit and does not point to anything in the TAC identifying any actions Ms. Kelly allegedly took. As the Court already stated, Beckham had to provide far more detail about Ms. Kelly's alleged actions, but has again failed to do so. Dkt. 60 at 6 n.3. Accordingly, the Court should dismiss the CFCA claim against Ms. Kelly.

**III. The Court Should Deny Leave to Amend.**

As to leave to amend, Beckham once again only recites generally applicable points of law regarding leave to amend and fails to engage with the legal authority cited in Defendants' Motion. That leave to amend is generally favored, does not mean that the Court should once more allow Beckham to amend her complaint. As Defendants argue in the Motion, this case is similar to *U.S. ex rel. Jones v. Sutter Health*, No. 18-CV-02067-LHK, 2021 WL 3665939 (N.D. Cal. Aug. 18, 2021), where leave to amend a second complaint was denied in similar circumstances as here. Mot. at 24-25. For the uncontested reasons stated there, the Court should deny Beckham leave to amend. *See McLemore*, 2021 WL 4124210, at *2.

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons detailed above and in the Motion, the Court should dismiss the TAC in its entirety with prejudice and deny Beckham leave to amend it.

Dated: May 12, 2023

DAVID CHIU
City Attorney
WAYNE SNODGRASS
JAMES M. EMERY
MIGUEL A. GRADILLA
Deputy City Attorneys

By: *s/Miguel A. Gradilla*
MIGUEL A. GRADILLA

Attorneys for Defendants SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY

SEVERSON & WERSON
A Professional Corporation

By: *s/Andrew S. Elliott*
ANDREW S. ELLIOTT
ELIZABETH C. FARRELL

Attorneys for Defendants
1850 BRYANT LAND LLC, CHRISTOPHER PAUL FOLEY and DOUGLAS ROSS

JACKSON LAW GROUP, P.C.

By: *s/Aaron R. Jackson*
AARON R. JACKSON

Attorneys for Defendants
KASLOFSKY & ASSOCIATES LLC and THURSTON KASLOFSKY

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, Miguel A. Gradilla, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated: May 12, 2023

DAVID CHIU
City Attorney
WAYNE SNODGRASS
JAMES M. EMERY
MIGUEL A. GRADILLA
Deputy City Attorneys

By: *s/Miguel A. Gradilla*
MIGUEL A. GRADILLA

Attorneys for Defendants SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY