DAVID CHIU, State Bar #189542
City Attorney
WAYNE SNODGRASS, State Bar #148137
THOMAS S. LAKRITZ, State Bar #161234
MIGUEL A. GRADILLA, State Bar #304125
KARUN TILAK, State Bar #323939
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4628 (Lakritz)
              (415) 554-3870 (Gradilla)
              (415) 355-3308 (Tilak)
Facsimile:    (415) 554-4699
E-mail:       tom.lakritz@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              karun.tilak@sfcityatty.org

Attorneys for Defendants
SAN FRANCISCO COMMUNITY INVESTMENT FUND,
CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* LEIASA BECKHAM, and STATE OF CALIFORNIA, ex rel. LEIASA BECKHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>1850 BRYANT LAND LLC, KASLOFSKY & ASSOCIATES LLC, THURSTON KASLOFSKY, CHRISTOPHER PAUL FOLEY, DOUGLAS ROSS, SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY,<br><br>Defendants. | Case No. 3:21-cv-05742-RS (DMR) (AGT)<br><br>**STIPULATED [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**<br><br>Trial Date:    September 8, 2025 |

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between May 1, 2014 and April 1, 2020 will be preserved

b) The parties will agree on the number of custodians per party for whom ESI will be preserved;

c) The parties are currently not aware of any data sources that are likely to contain responsive information but which are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B).  If any party becomes aware of any such data source, the parties will meet and confer in good faith about whether that data should be preserved and/or collected.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

a) With respect to documents previously produced in discovery in *Beckham v. Kaslofsky & Associates LLC, et al.* (S.F. Super Ct. No. CGC -19-573757) or in response to requests under the California Public Records Act and/or San Francisco Sunshine Ordinance (collectively, "Previously Produced Documents") concerning the allegations in the Third Amended Complaint, the parties agree as follows:

1. To the extent that any Previously Produced Documents are responsive to a request for production served by any party in this case, a party may produce those documents in the same format in which they were previously produced (i.e., PDFs).

2. Any production of Previously Produced Documents must be Bates numbered. With respect to Previously Produced Documents from the state court litigation, those documents may bear the Bates numbering used in the state court action to the extent that doing so would not result in duplicative or conflicting Bates numbering of documents.

3. Notwithstanding the above, each party reserves the right to request production of any Previously Produced Document in native file format with accompanying metadata fields listed in Attachment A to the extent available. Each party agrees to act reasonably and in good faith in requesting native production of a Previously Produced Document.

b) With respect to documents that have not previously been produced, the parties agree to produce documents in ☒TIFF/JPG and/or ☒native file formats with accompanying metadata fields listed in Attachment A to the extent available. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

1. For documents produced as TIFFs or JPGs (images), each image shall have a unique file name which will be the Bates number of that page (e.g., BATES000001.TIF). The Bates number must appear on the face of the image (e.g., BATES000001).

2. Documents produced natively shall have a Bates-numbered placeholder image associated with the native document with that Bates number.

3. For each document produced in image or native format, a document-level extracted text file shall be provided. The text of ESI shall be extracted directly from the native file and shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set). Each text

file will be named for the beginning Bates number of its corresponding document (e.g., BATES000001.TXT).

4. With respect to documents containing redacted text, OCR of the non-redacted portions of the document will be provided.  No party shall be obligated to OCR ESI that contains no extractable text, but the producing party shall provide such OCR in its possession at the time of production.  ESI items shall be processed as to preserve the date/time shown in the document as it was last saved, to the extent reasonably available, not the date of collection or processing.  The Parties shall endeavor to produce time-stamped documents including the time zone and universal coordinated time (UTC). The parties agree not to degrade the searchability of documents as part of the document production process.

## 7. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) In the event that a party inadvertently produces documents or ESI subject to a claim of privilege or work product protection, the producing party shall, within 10 days of the discovery of the inadvertent disclosure, notify the receiving party in writing of the inadvertent disclosure.  The producing party may, in the notice, request a "clawback" of the inadvertently disclosed material.  The party receiving such clawback notice shall diligently and promptly act to sequester the inadvertently produced documents and all copies, including any loaded to databases, and either return or destroy them, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate, so long as the identification by category conforms with the requirements of Federal Rule of Civil Procedure 26(b)(5).

## 8. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

1  **IT IS SO STIPULATED**, through Counsel of Record.

2

3  Dated:  February 23, 2024

4                                      DAVID CHIU
                                    City Attorney
                                    WAYNE SNODGRASS
                                    THOMAS S. LAKRITZ
                                    MIGUEL A. GRADILLA
                                    KARUN TILAK
                                    Deputy City Attorneys

                              By:   s/Karun Tilak
                                    KARUN TILAK

                                    Attorneys for Defendants
                                    SAN FRANCISCO COMMUNITY
                                    INVESTMENT FUND, CITY AND COUNTY
                                    OF SAN FRANCISCO, and NAOMI KELLY

Dated:  February 23, 2024         HANAGAMI LAW

                              By:   s/William K. Hanagami
                                  WILLIAM K. HANAGAMI

                                  Attorneys for Plaintiff LEIASA BECKHAM

Dated:  February 23, 2024         SEVERSON & WERSON

                              By:   s/Andrew S. Elliott
                                  ANDREW S. ELLIOTT
                                  ELIZABETH C. FARRELL

                                  Attorneys for Defendants 1850 BRYANT LAND LLC,
                                  CHRISTOPHER PAUL FOLEY AND DOUGLAS
                                  ROSS

Dated:  February 23, 2024         JACKSON LAW GROUP, P.C.

                              By:   s/Aaron R. Jackson
                                  AARON R. JACKSON

                                  Attorneys for Defendants KASLOFSKY &
                                  ASSOCIATES LLC and THURSTON KASLOFSKY

# **CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, Karun Tilak, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated:  February 23, 2024

>     DAVID CHIU
>     City Attorney
>     WAYNE SNODGRASS
>     MIGUEL A. GRADILLA
>     KARUN TILAK
>     Deputy City Attorneys
>
>     By:    s/Karun Tilak
>     KARUN TILAK
>
>     Attorneys for Defendants
>     SAN FRANCISCO COMMUNITY
>     INVESTMENT FUND, CITY AND COUNTY
>     OF SAN FRANCISCO, and NAOMI KELLY

**~~PROPOSED~~ ORDER**

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  March 6, 2024

_____
The Honorable Alex G. Tse
UNITED STATES MAGISTRATE JUDGE

**ATTACHMENT A**

The Parties agree to provide the following metadata fields for ESI as required by Section 6 of the ESI Protocol, to the extent such metadata exists:

| Field Name | Description |
| --- | --- |
| PRODBEG | Document-level identifier; if the document has multiple pages then also the first page of the document |
| PRODEND | Page-level identifier, the last page of the document |
| PRODATTACHBEG | First page of an attachment range |
| PRODATTACHEND | Last page of an attachment range |
| DOCTYPE | General document type according to the following categories: Email or Attachment or Efile or Hard-Copy |
| FILETYPE | Document type as identified by metadata associated with the native document indicating the application that created the native document (*e.g.,* Google Docs, Microsoft Word 6.0, Gmail, Outlook Email, etc.) |
| CUSTODIAN | Custodian name in <Lastname, Firstname> format wherever both are available, non-person entities in narrative form |
| TO | Email recipient(s) |
| FROM | Email author |
| CC | Email copy(s) |
| BCC | Email blind copy(s) |
| SUBJECT | Email subject |
| DATESENT | Email sent date |
| TIMESENT | Email sent time |
| DATERECEIVED | Email received date |
| TIMERECEIVED | Email received time |
| EMAILPATH | Email folder path including container name, e.g., "Custodian.PST\Inbox" |
| INTMSGID | Email Message-ID |
| CONVERSATIONINDEX | Microsoft email Conversation Index or other email thread identifier generated during processing. |
| FILENAME | File name of a document |
| AUTHOR | File meta data for document author |

| Field Name | Description |
|---|---|
| FILEPATH | Original file system path, not including file name |
| DATEMOD | Date last modified, file system metadata |
| TIMEMOD | Time last modified, file system metadata |
| DATECREATE | Date created, file system metadata |
| TIMECREATE | Time created, file system metadata |
| FILEEXT | File extension of document after last period in file name |
| NATIVEFILE | Relative path to file for documents being produced as native |
| TEXTFILE | Relative path to OCR or extracted text file |
| HASHVALUE | SHA-1 or MD5 checksum result, used to identify exact duplicates |
| PAGECOUNT | Number of pages comprising the document |
| REDACTED | An indication of whether the document has been redacted |
| CONFIDENTIAL | Indication of confidentiality designation |