1

**William K. Hanagami**
**HANAGAMI LAW, APC**
2 **913 Tahoe Boulevard, Suite 5**
**Incline Village, NV 89451-7414**
3 **(833) 716-8570 / (833) 716-8569** *FAX*
**Bill@Hanagami.com**
4

**Byron T. Ball**
5 **THE BALL LAW FIRM**
**100 Wilshire Boulevard, Suite 700**
6 **Santa Monica, CA 90401-3602**
**(310) 980-8039**
7 **btb@balllawllp.com**

8 Attorneys for Plaintiff and *Qui Tam* Relator,
Leiasa Beckham
9

UNITED STATES DISTRICT COURT
10
NORTHERN DISTRICT OF CALIFORNIA
11

12 | UNITED STATES OF AMERICA, *ex rel.* | CASE NO.: 3:21-cv-05742-RS-DMR |
| LEIASA BECKHAM, et al., | |
13 | | NOTICE O MOTION, MOTION OF |
| Plaintiffs, | WILLIAM K. HANAGAMI AND |
14 | | BYRON T. BALL TO |
| vs. | CONDITIONALLY WITHDRAW |
15 | | AS COUNSEL OF RECORD FOR |
| 1850 BRYANT LAND LLC, et al., | PLAINTIFF AND RELATOR |
16 | | LEIASA BECKHAM, AND TO |
| Defendants. | TAKE OFF-CALENDAR |
17 | | SCHEDULED DATES IN THIS |
| | ACTION; MEMORANDUM OF |
18 | | POINTS AND AUTHORITIES |
| | AND DECLARATIONS IN |
19 | | SUPPORT |

20 DATE:    November 14, 2024
TIME:    1:30 p.m.
21 CRTRM:  3

22 TO LEIASA BECKHAM, ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS

23 OF RECORD:

24 YOU AND EACH OF YOU, will please take notice that on November 14, 2024 at 1:30

25 p.m., or as soon thereafter as this matter can be heard in Courtroom 3 of the above entitled

26 Court, located at 17th Floor, 450 Golden Gate Avenue, San Francisco, California, attorneys

27 William K. Hanagami and Byron T. Ball, and their respective law firms (collectively,

28 Counsel"), will move this Court for its Order permitting them to conditionally withdraw at

-1-

counsel of record for plaintiff and *qui tam* relator Leiasa Beckham (Relator) as her counsel of record in this action as of December 2, 2024.

This motion is made pursuant to *Local Rule* 11-5, the *Calif. Rules of Professional Conduct*, Rule 1.16, on the grounds that a dispute arose between Relator and Counsel regarding a court-ordered filing, resulting in Counsel determining that they could no longer represent Relator in this action consistent with the Rules of this Court, Relator provided Counsel with her written authorization to settle her claims against defendants under specified terms as recommended by Counsel, but engaged in conduct that interfered with their ability to do so, resulting in the breakdown in the attorney-client relationship which prevents Counsel from effectively representing Relator, and Counsel's good faith belief that they cannot proceed to represent Relator in accordance with the Rules of this Court. The motion is based upon the attached Memorandum of Points and Authorities, Declarations of Counsel, and the files and records filed in this action.

NOTICE OF LEIASA BECKHAM: You have the right file a written response or opposition to this motion by filing a hard copy of such with the Clerk of the Court at the United States District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102-3426 no later than October 18, 2024. *Local Rule* 7-3(a). At or before the time of filing, copies of such written response or opposition to this motion should also be served upon Hanagami and Ball at their addresses or email addresses at the top of the first page of this motion, as well as upon the attorneys representing the other parties in this action (such attorneys and their respective email addresses are found in the Certificate of Service attached to this motion.

Respectfully submitted,

THE BALL LAW FIRM

HANAGAMI LAW, A.P.C.

Dated: October 4, 2024                    By:*/s/William K. Hanagami*
                                          William K. Hanagami
                                          Attorneys for Plaintiff and Qui Tam Relator,
                                          Leiasa Beckham

-2-

# TABLE OF CONTENTS

Argument                                                                                                                    Page

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . 5

II.     PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      Counsel May Not Withdraw from an Action Until
                Relieved by Order of the Court After Written Notice
                Has Been Provided, Reasonably in Advance, to the
                Client and to All Other Parties Who Have Appeared
                in the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.      When Withdrawal by an Attorney from an Action Is Not
                Accompanied by Simultaneous Appearance of  Substitute
                Counsel or Agreement of the Party to Appear Pro Se,
                Leave to Withdraw May Be Subject to the Condition That
                Papers May Continue to Be Served on Counsel for Forwarding
                Purposes, Unless and until the Client Appears by Other
                Counsel or Pro Se. When this Condition Is Imposed, Counsel
                must Notify the Party of this Condition. Any Filed Consent
                by the Party to Counsel's Withdrawal under These Circumstances
                must Include Acknowledgment of this Condition. . . . . . . . . . . . . . . . . . . . 7

        C.      Hanagami and Ball Should Be Permitted to Conditionally
                Withdraw as Counsel of Record For Relator. . . . . . . . . . . . . . . . . . . . . 7

        D.      The Pending Court Deadlines Should Be Taken Off-Calendar. . . . . . . . . . 9

III.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Block v. Gennaro's LLC,* 2022 WL 395 395315 (N.D. Cal. Feb. 9, 2022). . . . . . . . . . . . . 8

*Elan Transdermal Ltd. v. Cygnus Therapeutic Systems,*
    809 F. Supp. 1383 (N.D. Cal.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hill Design Group v. Wang,* 2006 WL 3591206 (N.D. Cal. Dec. 11, 2006) . . . . . . . . . . . 8

*Nehad v. Mukasey*, 535 F.3d 962 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Russell v. Maman*, 2020 WL 13534011 (N.D. Cal. Mar. 16, 2020) . . . . . . . . . . . . . . . . . 8

*Stoner v. Santa Clarita County Office of Ed.*, 502 F.3d 1116 (9th Cir. 2007) . . . . . . . . . 7, 8


**Statutes**

31 U.S.C. § 3729, et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*California Government Code* § 12650, et seq.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Local Rule* 7-3(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Local Rule* 11-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5-7, 9

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3      I.      INTRODUCTION AND SUMMARY OF ARGUMENT.

4              William K. Hanagami and Byron T. Ball (collectively, "Counsel") seek the Court's

5      Order that they be permitted to conditionally withdraw as counsel of record for plaintiff and

6      relator, Leiasa Beckham (Relator) on the grounds that a dispute arose between Relator and

7      Hanagami regarding a court-ordered filing, resulting in Hanagami determining that he could

8      no longer represent Relator in this action consistent with the Rules of this Court, Relator

9      provided Counsel with her written authorization to settle her claims against defendants under

10     specified terms as recommended by Counsel, but engaged in conduct that interfered with their

11     ability to do so, resulting in the breakdown in the attorney-client relationship which prevents

12     Counsel from effectively representing Relator, and Counsel's good faith belief that they cannot

13     proceed to represent Relator in accordance with the Rules of this Court.

14             Counsel respectfully request the Court issue its Order granting their request to

15     conditionally withdraw as Relator's counsel of record as of December 2, 2024 to give Relator

16     time to retain replacement counsel, and order the deadlines in the November 16, 2024 Initial

17     Case Management Scheduling Order (Doc. 98) and Chief Magistrate Ryu's Order (Doc. 112)

18     be taken off-calendar.  Between the time the conditional withdrawal is granted and December

19     2, 2024, counsel will forward to Relator all documents served upon them in this action, unless

20     and until Relator appears through replacement counsel during that time.  *Local Rule* 11-5(b).

21

22     II.     PROCEDURAL HISTORY.

23             On July 26, 2021, Relator filed her *qui tam* Complaint (Doc. 1) under seal for violations

24     of the False Claims Act, 31 U.S.C. § 3729, et seq. (FCA), and the California False Claims Act,

25     *California Government Code* § 12650, et seq. (CFCA).  On May 6, 2022, the Court entered

26     its Order to unseal the action based upon the election of United States (Government) and

27     California to decline intervention.  (Doc. 13.)

28             Subsequently, on July 25, 2022 Relator filed her First Amended Complaint ("FAC,"

1  Doc. 21) and served it upon the defendants.  Defendants filed their respective motions to

2  dismiss the FAC, (Docs. 37, 40, 44), which Relator opposed.  (Doc. 50.)  On January 9, 2023,

3  the Court issued its Order granting defendants' motion to dismiss the FAC with leave to

4  amend.  (Doc. 60.)

5          On January 30, 2023, Relator filed her second amended complaint.  (Doc. 61.)  Based

6  on the stipulation of the parties (Doc. 64), on March 9, 2023 the Court issued its Order

7  granting Relator leave to file a Third Amended Complaint (TAC).  (Doc. 65.)  Relator filed

8  her TAC the next day.  (Doc. 66.)

9          On March 24, 2023, the defendants jointly filed their motion to dismiss the TAC, (Doc.

10  67), to which Relator filed opposition.  (Doc. 70.)  On June 30, 2023, the Court issued its

11  Order denying defendants' motion to dismiss the TAC.  (Doc. 75.)  On July 28, 2023,

12  defendants filed their respective Answers to the TAC.  (Docs. 78-80.)

13          The Court issued its November 16, 2023 initial case management conference, the Court

14  set pending deadlines beginning on January 15, 2025.  (Doc. 98.)  Further, based on the

15  stipulation of the parties (Doc. 111) on September 13, 2024, Chief Magistrate Donna M. Ryu

16  issued her Order (Doc. 112) granting Relator a three (3) week extension to serve her updated

17  settlement conference brief up to and including October 4, 2024, and defendants until October

18  11, 2024 to meet and confer and send their joint email response thereto.  The purpose of the

19  extension was to permit Relator time to retain replacement counsel.  (Doc. 112 at 1:26-27.)

20          Counsel have not been presented with a Substitution of Attorney from a licensed

21  attorney.  (¶6 of Hanagami declaration; ¶5 of Ball declaration.)

22

23  III.    LEGAL ARGUMENT.

24          A.    <u>Counsel May Not Withdraw from an Action Until Relieved by</u>

25                <u>Order of the Court After Written Notice Has Been Provided,</u>

26                <u>Reasonably in Advance, to the Client and to All Other Parties</u>

27                <u>Who Have Appeared in the Case</u>.

28          *Local Rule* 11-5(a).

1    As shown by the attached Proof of Service By Mail, a copy of this Motion and

2    supporting papers was served by mail upon Relator.  (¶7 of Hanagami declaration.)   Also,

3    courtesy copies were emailed to Relator.  (¶7 of Hanagami declaration.)  Per the attached

4    Certificate of Service, copies were served upon the other parties to this action via the Court's

5    CM/ECF system at or about the time of e-filing.

6

7    B.    "When Withdrawal by an Attorney from an Action Is Not

8          Accompanied by Simultaneous Appearance of Substitute Counsel

9          or Agreement of the Party to Appear Pro Se, Leave to Withdraw

10         May Be Subject to the Condition That Papers May Continue to Be

11         Served on Counsel for Forwarding Purposes, Unless and until the

12         Client Appears by Other Counsel or Pro Se. When this Condition

13         Is Imposed, Counsel must Notify the Party of this Condition. Any

14         Filed Consent by the Party to Counsel's Withdrawal under These

15         Circumstances must Include Acknowledgment of this Condition."

16   *Local Rule* 11-5(b).

17   Counsel move to withdraw as counsel of record for Beckham because of the breakdown

18   in the attorney-client relationship which prevents them from effectively representing Relator

19   as discussed below, they have not been presented with a Substitution of Attorney by an

20   attorney (*see,* ¶5 of Hanagami declaration; ¶5 of Ball declaration), and Beckham cannot appear

21   pro se.  *Stoner v. Santa Clarita County Office of Ed.*, 502 F.3d 1116, 1127 (9th Cir. 2007)

22   [Relator in a qui tam action must be represented by an attorney because the action is filed in

23   the name of the Government].

24

25   C.    Hanagami and Ball Should Be Permitted to Conditionally

26         Withdraw as Counsel of Record For Relator.

27   "In the Northern District of California, the conduct of counsel is governed by the

28   standards of professional conduct required of members of the State Bar of California,

-7-

including the Rules of Professional Conduct of the State Bar of California." *Block v. Gennaro's LLC,* 2022 WL 395 395315, at *1 (N.D. Cal. Feb. 9, 2022); *Hill Design Group v. Wang,* 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)); see also *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). The decision to permit counsel to withdraw is within the sound discretion of the trial court. *Russell v. Maman,* 2020 WL 13534011, *1 (N.D. Cal. Mar. 16, 2020).

Under the Rules of Professional Conduct of the State Bar of California, attorneys may withdraw from representing a client if, among other things, (a) "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," and/or (b) "the lawyer believes in good faith, in a proceeding pending before the tribunal, that the tribunal will find the existence of other good cause for withdrawal." *Calif. Rules of Professional Conduct*, Rule 1.16(b)(10).

Here, a dispute arose between Relator and Hanagami regarding a court-ordered filing, resulting in Hanagami determining that he could no longer represent Relator in this action consistent with the Rules of this Court, Relator provided Counsel with her written authorization to settle her claims against defendants under specified terms as recommended by Counsel, but engaged in conduct that interfered with their ability to do so, resulting in the breakdown in the attorney-client relationship which prevents Counsel from effectively representing Relator, and Counsel's good faith belief that they cannot proceed to represent Relator in accordance with the Rules of this Court. (¶4 of Hanagami declaration; ¶4 of Ball declaration.)  Under these conditions, Counsel respectfully request that they be conditionally permitted to withdraw as Relator's counsel of record.

Because Relator cannot appear pro se, *Stoner v. Santa Clarita County Office of Ed.*, 502 F.3d 1116, 1127 (9th Cir. 2007) [Relator in a qui tam action must be represented by an attorney because the action is filed in the name of the Government], Counsel request that they be permitted to withdraw as counsel of record 60 days from the filing of this motion, i.e.,

-8-

1  December 2, 2024, which will give Relator time to retain replacement counsel. Between the

2  time the conditional withdrawal is granted and December 2, 2024, Counsel will forward to

3  Relator all documents served upon them in this action, unless and until Relator appears

4  through replacement counsel during that time. *Local Rule* 11-5(b).

5         Counsel understand that defendants may argue that Relator should be afforded no more

6  than 30 days after the filing of this motion for Relator to obtain replacement counsel.

7  However, such a deadline will be perilously close to the time the Court rules on this motion,

8  which counsel believe may be contested by Relator.

9

10         D.    <u>The Pending Court Deadlines Should Be Taken Off-Calendar</u>.

11         The pending court deadlines in the Initial Case Management Scheduling Order (Doc.

12  98) and Judge Ryu's Order (Doc. 112) should be taken off-calendar, and reset at an

13  appropriate time if and after Relator obtains replacement counsel.  Counsel understands that

14  defendants do not oppose this request.  (¶5 of Hanagami dclaration.)

15

16  III.    CONCLUSION.

17         Hanagami and Ball respectfully request the Court issue its Order granting their request

18  to conditionally withdraw as Relator's counsel of record as of December 2, 2024 to give

19  Relator time to retain replacement counsel, and order the deadlines in Initial Case Management

20  Scheduling Order (Doc. 98) and Judge Ryu's Order (Doc. 112) be taken off-calendar.

21  Between the time the conditional withdrawal is granted and December 2, 2024, counsel will

22  forward to Relator all documents served upon them in this action, unless and until Relator

23  appears through replacement counsel during that time. *Local Rule* 11-5(b).

24                              Respectfully submitted,

25                              THE BALL LAW FIRM
                            HANAGAMI LAW, A.P.C.

26

27  Dated: October 4, 2024      By:<u>*/s/William K. Hanagami*</u>
                          William K. Hanagami
                          Attorneys for Plaintiff and Qui Tam Relator,

28                            Leiasa Beckham