DAVID CHIU, State Bar #189542
City Attorney
THOMAS S. LAKRITZ, State Bar #161234
MIGUEL A. GRADILLA, State Bar #304125
KARUN TILAK, State Bar #323939
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-4628 (Lakritz)
              (415) 554-3870 (Gradilla)
              (415) 355-3308 (Tilak)
Facsimile:    (415) 554-4699
E-mail:       tom.lakritz@sfcityatty.org
              miguel.gradilla@sfcityatty.org
              karun.tilak@sfcityatty.org

Attorneys for Defendants
SAN FRANCISCO COMMUNITY INVESTMENT FUND,
CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* LEIASA BECKHAM, and STATE OF CALIFORNIA, ex rel. LEIASA BECKHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>1850 BRYANT LAND LLC, KASLOFSKY & ASSOCIATES LLC, THURSTON KASLOFSKY, CHRISTOPHER PAUL FOLEY, DOUGLAS ROSS, SAN FRANCISCO COMMUNITY INVESTMENT FUND, CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY,<br><br>Defendants. | Case No. 3:21-cv-05742-RS (DMR) (AGT)<br><br>**DEFENDANTS' RESPONSE TO WILLIAM K. HANAGAMI AND BYRON T. BALL'S MOTION TO CONDITIONALLY WITHDRAW AS COUNSEL FOR PLAINTIFF AND RELATOR LEIASA BECKHAM**<br><br>Hearing Date:  November 14, 2024<br>Time:          1:30 p.m.<br>Before:        Honorable Richard Seeborg<br>Place:         450 Golden Gate Avenue<br>               Courtroom 3 – 17th Floor<br>               San Francisco, CA 94102<br><br>Trial Date:    September 8, 2025 |

Defendants[1] hereby respond to William K. Hanagami and Byron T. Ball's ("Relator's Counsel") October 4, 2024 motion to withdraw as counsel for Plaintiff/Relator Leiasa Beckham ("Relator").  Relator's Counsel's motion seeks three forms of relief, and Defendants address each in turn.

*First*, Defendants take no position on Relator's Counsel's request to withdraw as counsel for Relator.

*Second*, Relator's Counsel requests that Relator be given until December 2, 2024 to find replacement counsel.  As Relator's Counsel notes, Relator cannot proceed *pro se* in a False Claims Act case, and the case must be dismissed if she is not represented by counsel.  *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1125–28 (9th Cir. 2007).  Defendants do not oppose granting Relator until December 2, 2024 to find replacement counsel.  However, to the extent Relator seeks any additional time, Defendants respectfully submit that any such request is unwarranted and prejudicial to Defendants' rights.

Defendants first learned that Relator would be seeking replacement counsel on September 12, 2024.  Tilak Decl. ¶ 5.  At the time, Relator sought a three-week extension to find counsel.  *Id.*  On September 20, Relator asked for approximately 30 additional days, until November 5.  *Id.* ¶ 6.  Relator's Counsel now asks for even more time in their motion.  Indeed, by December 2, Relator will have had nearly three months to find replacement counsel.  Courts in this district routinely give Relators less time to find counsel.  *See, e.g.*, *United States ex rel. McNall v. Pac. Retirement Servs.*, No. 16-cv-00889-LB, 2019 WL 4085369 (N.D. Cal. Aug. 29, 2019) (in case where counsel moved to withdraw two years after the case was unsealed, granting Relator 32 days to find replacement counsel and expressing intent to dismiss case if no replacement counsel retained), *aff'd* 859 F. App'x 48 (9th Cir. 2021).[2]

---

[1] Defendants are: 1850 Bryant Land LLC, Kaslofsky & Associates LLC, Thurston Kaslofsky, Christopher Paul Foley, Douglas Ross, the City & County of San Francisco, the San Francisco Community Investment Fund, and Naomi Kelly.

[2] *See also, e.g.*, *United States ex rel. Solomon v. Moderna US Inc.*, No. C 23-01103-WHA, 2023 WL 7928697 (N.D. Cal. Sept. 26, 2023) (granting Relator a total of 60 days from the unsealing of the complaint to find counsel); *Dominguez v. Pratt*, No. 23-cv-00981-DMR, 2023 WL 7459262 (N.D. Cal. June 26, 2023) (giving Relator 21 days to find counsel, and then recommending dismissal),

This case has been pending for three-and-a-half years, and was preceded by years-long state court litigation involving many of the same parties and issues.  Further, many of the Relator's claims arise from conduct that allegedly occurred over eight (8) and nearly ten (10) years ago.  ECF No. 66 at ¶¶ 21-22.

Allowing an extended delay for an eleventh-hour change of counsel would unfairly prejudice Defendants.  In addition to the generalized costs caused by Relator's abject failure to prosecute this case, there are other, discreate harms caused by the delay.  For example, because of Relator's allegations, Defendant SFCIF has had to hold millions of dollars in reserve while the case is pending that it could otherwise make available to fund community development projects.  Tilak Decl. ¶ 8. Prolonged delays will only further impair Defendants' operations and their ability to serve the community.

*Third*, Relator's Counsel requests that case deadlines in this case be taken "off calendar" while she seeks replacement counsel.  Defendants do not oppose this request.  However, Defendants note that despite serving discovery in April, Defendants still have not received compliant discovery responses nor have they received useable, responsive records from Relator.  Tilak Decl. ¶ 3.  The significant discovery issues that remain outstanding as a result of Relator's dilatory conduct further advise against granting Relator an extended amount of time to retain replacement counsel—which will only delay the progress and ultimate resolution of this case.

---

*report and recommendation adopted*, 2023 WL 7458846 (July 24, 2023); *Huggins v. Kratos Defense & Securities Solutions, Inc.*, No. 18-cv-03976-JSC, 2021 WL 8153598 (N.D. Cal. Aug. 24, 2021) (giving Relator 24 days to obtain counsel and then recommending dismissal), *report and recommendation adopted*, 2021 WL 8153595 (Sept. 8, 2021); *United States ex rel. McLean v. Cnty. of Santa Clara*, No. C05-01962 HRL, 2009 WL 3297502 (N.D. Cal. Oct. 9, 2009) (in case pending four-and-a-half years, giving Relator 60 days to find counsel).

Dated: October 18, 2024

        DAVID CHIU
        City Attorney
        THOMAS S. LAKRITZ
        MIGUEL A. GRADILLA
        KARUN TILAK
        Deputy City Attorneys

By: s/Miguel A. Gradilla
     MIGUEL A. GRADILLA

Attorneys for Defendants
SAN FRANCISCO COMMUNITY
INVESTMENT FUND, CITY AND COUNTY
OF SAN FRANCISCO, and NAOMI KELLY

Dated: October 18, 2024

SEVERSON & WERSON

By: s/Andrew S. Elliott
     ANDREW S. ELLIOTT
     ELIZABETH C. FARRELL

Attorneys for Defendants 1850 BRYANT LAND LLC, CHRISTOPHER PAUL FOLEY AND DOUGLAS ROSS

Dated: October 18, 2024

JACKSON LAW GROUP, P.C.

By: s/Aaron R. Jackson
     AARON R. JACKSON

Attorneys for Defendants KASLOFSKY & ASSOCIATES LLC and THURSTON KASLOFSKY

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

I, Miguel A. Gradilla, attest that each of the other signatories have concurred in the filing of this document, which shall serve in lieu of their own signatures on the document.

Dated:  October 18, 2024

                                        DAVID CHIU
                                        City Attorney
                                        THOMAS S. LAKRITZ
                                        MIGUEL A. GRADILLA
                                        KARUN TILAK
                                        Deputy City Attorneys

                             By:   s/Miguel A. Gradilla
                                        MIGUEL A. GRADILLA

                                        Attorneys for Defendants SAN FRANCISCO COMMUNITY INVESTMENT FUND,  CITY AND COUNTY OF SAN FRANCISCO, and NAOMI KELLY